## BLAKE v BLAKE et

Ohio Appeals, 2nd Dist, Franklin Co

No 2556.   Decided June 6, 1935

Sandles, Ulrey & Wildermuth, Columbus, for plaintiff in error.

O. H. Mosier, Columbus, for defendant in error, Samuel D. Blake.

**OPINION**

By HORNBECK, J.

One question is presented, answer to which is determinative of the error proceedings, namely, did the trial court have jurisdiction to reopen the alimony case and modify the former judgment? Judge Mahaffey, in passing upon the demurrer, rendered an extended opinion, with which we have been favored. We have examined it and are in accord both with the conclusions reached and the reasons therefor.

The cases in Ohio do not establish the rule under which a court may open up alimony judgments with that clarity and precision which is found in some other subjects of the law. It is said in **14 O. Jur.,** at page 511, that:

"It is well established that the court may exhaust its jurisdiction in a particular case by the entry of a decree or order which amounts to a full and final disposition of the question of alimony." Citing **Petersine v Thomas, 28 Oh St. 596, and Garver v Garver, 102 Oh St, 443.**

And also that:

"The right of modification depends very largely, therefore, upon the character of the particular order, and the conditions and circumstances under which it was made."

In the instant case the judgment entry awarding alimony to the plaintiff bears every indicia of a final determination of the alimony rights of the plaintiff. The award was of real and personal property, apparently all that the defendant owned, at least all that was within the jurisdiction. No personal judgment was entered and none could have been, because service was had by publication. The alimony being awarded in real and personal property, the order was within a very short time observed. There was nothing within the entry to indicate a purpose of the court to main-

tain a continuing jurisdiction of the parties nor the subject matter. This judgment would seem to fall within the category of general judgments, which should be considered as final between the parties. **Clough v Long, 8 Oh Ap, 420.**

It has been stated that as a rule in Ohio the jurisdiction of courts in alimony cases is continuing, and upon proper showing of changed conditions former judgments or decrees may be modified. **14 O. Jur., 511.** Where asserted such authority is founded upon a purpose of the court to maintain continuing jurisdiction over the subject matter, which is either found within the language of the decree or read into it by necessary intendment because of the nature of the judgment.

In custodial orders affecting children it is such sound public policy and so obviously proper that a court should maintain observation and jurisdiction over the subject matter that the purpose so to do is recognized without exception. So, in the awarding of alimony and support money, where minor children are affected, the jurisdiction is continuing. **Newkirk v Newkirk, 129 Oh St, 543,** Ohio Bar, June 3, 1935; **Corbett v Corbett, 123 Oh St, 76,** and cases therein cited; likewise, when alimony has been made payable in installments, especially if at the time of the motion to modify the payment of the installments has not been completed.

These varying conditions under which the courts have held that they have continuing jurisdiction to modify former alimony judgments and decrees are found in **Olney v Watts, 43 Oh St, 499; Smedley v State, 95 Oh St, 141; Sager v Sager, 5 Oh Ap, 489; Meister v Day, 20 Oh Ap, 224, (3 Abs 394); Borst v Borst, 14 Abs 525.** The trial court held that the motion to vacate was the proper procedure, and that a petition was not necessary. This finding was not journalized. There is support for the ruling of the trial court as late as Corbett v Corbett, supra, although the first syllabus of Olney v Watts, supra, is:

"A party to a decree for alimony may, **by an original petition and suit,** obtain a modification of such former decree, upon proper allegations of the changed condition and circumstances of the parties." (Emphasis ours).

The proper procedure ordinarily to open up a judgment after term is by petition. For a learned discussion of the subject by an eminent jurist see **Conant v Conant, 16 N.P., 72.** We are familiar with **Bruner v Bruner, 29 O.C.A., 74.**

There is still another ground to the demurrer, the third, which makes a very close question, whether or not the court could not be supported in sustaining the demurrer upon this basis. The children of the parties were of age at the time the divorce decree was granted. The fact that a son, William, is blind and mentally incapacitated and in the instiution for the feeble minded places no other or further legal obligation upon the mother than upon the father.

Alimony signifies provision for the wife and in this decree could have meant nothing more. Baker v Baker, 4 Oh Ap, 170: Sager v Sager, supra. Support money for an adult child would not have been a legal charge against the father to have been incorporated into the original alimony award and made payable to the mother, nor into the decree if modified.

The action of the trial court was predicated upon the basic proposition that there had been a final judgment which the court had no jurisdiction to modify and with this conclusion we are in accord.

The judgment will, therefore, be affirmed.

BARNES, PJ, and BODEY, J, concur.