OPINION
By STEVENS, J.
In this appeal on questions of law, the sole question presented for determination by this court is: Does the Court of Common Pleas have authority to make and enforce an order requiring a husband, who has been divorced by his wife because of his aggression, to support their adult offspring, who is unable to support herself because of physical or mental infirmity?
That question has been before the Supreme Court of Ohio in the case of Thiessen v Moore, 195 Oh. St 401. At page 421, after quoting the controlling statutes, the court stated:
“The legal obligation of the parent to support his children extends to but not beyond each, child’s majority. This court in the case of West v West, 100 Oh St, 33, approved its former holding in the case of Marleau v Marleau, 95 Oh St, 162, wherein it declared ‘A proceeding for alimony does not invoke the equity powers of the court but is controlled by statute. The court is only authorized to exercise such power as the statute expressly gives, and such as is necessary to make its orders and decrees effective.’
“The legislature having imposed no obligation upon the parent beyond the majority of the children, the court was without power to create such obligation, was without, power to do other than provide for the maintenance, care, education, and custody of the children during, minority, and was without power to make any order with reference, to the children which was not for the purpose of maintenance, care, custody and control during minority.”
Syllabus 2 of that case provides:
“2. In a divorce, alimony, custody, support and maintenance' proceeding the court is without, power to make a decree with reference to the maintenance of minor children beyond the date-when such children shall arrive át. their majority * *
That case has not been overruled or modified, so far as we. have been able to discover.
*132 The trial court in the instant case overruled defendant’s motion to modify the provisions of the original judgment concerning support of children, and made an ■order requiring the defendant to continue to pay 12%% of his earnings for the support of his adult ■daughter, who was physically incapable of self-support.
Application of the rule announced in the Thiessen case, supra, to the facts here presented, requires a reversal of the judgment of the Court of Common Pleas.
Judgment reversed, and cause remanded.
WASHBURN, PJ., & DOYLE, J., concur.