## BRUNSWICK v FIRST-CENTRAL TRUST CO.

Ohio Appeals, 9th Dist, Summit Co

Decided December 17, 1940

W. J. Laub, Akron, for appellant.
Brouse, McDowell, May & Bierce, Akron, for appellee.

## OPINION

By STEVENS, J.

In the Court of Common Pleas, plaintiff, Hattie E. Brunswick, filed a petition against defendant, The First-Central Trust Co. as executor of the estate of Creighton Potts, deceased, wherein she alleged, in substance, that in 1900 she obtained a decree of divorce from Creighton Potts because of his aggression; that said decree awarded to her the care, custody and control of the minor daughter of the parties, Lois Potts, who was then 6 years of age, and that she has had such care and custody from 1900 to date; that said daughter has been mentally and physically incompetent during all of said time, and that she has paid all of the expense incident to caring for her daughter during said time; that Creighton Potts, now deceased, was able to provide for his daughter during the 6-year period prior to his death, but that he failed so to do (said daughter being at the beginning of said 6-year period 40 years of age); that The First-Central Trust Co. is the duly qualified executor of the estate of said decedent, Creighton Potts; that plaintiff duly presented her claim for $7200 to the executor of said estate, and that the executor rejected it; wherefor she prayed judgment against the executor of the estate of Creighton Potts for $7200.

A demurrer was interposed by the defendant to said petition, upon the ground that the petition did not state facts sufficient to constitute a cause of action. That demurrer was sustained by the trial court, and leave to amend given to plaintiff.

An amended petition, not materially different from the original petition, was then filed by plaintiff.

Defendant moved to strike the amended petition from the files, because it was claimed to be a sham pleading. The trial court treated the motion to strike as a demurrer, sustained the demurrer, and, plaintiff not desiring to plead further, dismissed plaintiff's petition at her costs.

Appeal on questions of law ensued.

The question thus presented is: What is the liability, if any, of a father to the mother of an adult incompetent child, 40 years of age, where the father and mother have been divorced because of the aggression of the father while the child was a minor, and the custody of the child given to the mother, without provision in the decree of divorce for the support of the child, and where support for the child has been continuously voluntarily furnished by the mother from her own property and earnings, and no demand has been made upon the father by the mother for reimbursement for such support, and no express promise to pay therefore has been given by the father?

The statutory law of Ohio, §7997 GC, imposes upon the husband the following obligations of support:

"The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able."

There is, so far as we are able to ascertain, no further statutory obligation imposed upon the husband and father by the Ohio law.

It must be understood that we do not have involved in this case the question of the liability of a father for the support of his adult child who is unable to care for himself after becoming of age, and who remains unmarried and living with his father in his father's home.

After an investigation of the cases dealing with this subject—some of which in Ohio are **Thiessen v Moore, 105 Oh St 401**, 137 N. E. 906; **Becker v Industrial Commission, 137 Oh St 139**, 28 N. E. (2d) 361; **Heckert v Heckert, 57 Oh Ap 421**, 14 N. E. (2d), 428; and **Blake v Blake, 20 Abs 3**; also **30 O. Jur., Parent and Child, §52**—we have reached the conclusion that, while, under the circumstances here present, there is a moral obligation upon a father to support his adult incompetent child, there is no enforcible legal responsibility upon him so to do, in the absence of a promise to that effect, express or implied; and where the mother of such child voluntarily furnishes such support, makes no demand upon the father for reimbursement therefor, and has no express agreement with the father concerning such support, and where the parents have been divorced, under circumstances as hereinabove set forth, the mother, under the circumstances of this case, as a matter of law cannot recover the amount spent for such support, in a suit therefor against the estate of the deceased father.

The rule anounced is a harsh one, but it is in accord with what we understand is required by the statutory law of this state, and the pronouncements of the Supreme Court of Ohio. If the rule is to be otherwise, that is a matter to be accomplished by legislative action, rather than by judicial legislation.

Judgment affirmed.

WASHBURN, PJ. & DOYLE, J., concur.