**DORNBUSCH, Appellee, v. DORNBUSCH, Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6484. Decided February 19, 1945.

Albert Fosco, Cincinnati, for appellee.
David L. Falk, Cincinnati, for appellant.

## OPINION

By ROSS, J.

Appeal from a judgment of the Court of Common Pleas of Hamilton county, Ohio, in favor of plaintiff.

The action was for alimony and maintenance of minor children. The judgment in part is as follows:

"IT IS THEREFORE, ORDERED AND ADJUDGED that the said defendant, Henry Dornbusch, pay into the Common Pleas Court, Division of Domestic Relations, Hamilton County, the sum of Ten ($10.00) Dollars per week, and in addition thereto the sum of Five Hundred ($500.00) Dollars in cash, for the maintenance and support of the plaintiff, Susanna Dornbusch, and for the maintenance and support of a minor daughter and physically incapacitated son until the further order of this Court, to all of which defendant excepts."

In so far as the Court attempted to provide support for a child who had reached his majority, the Court exceeded its jurisdiction. See: §7997 GC; Thiessen, et al. v Moore, 105 Oh St., 401, 421; State, ex rel. Wright, v Industrial Commission, 141 Oh St., 187.

So much of the judgment entry as attempted to provide support for a child who had reached its majority is void.

An examination of the bill of exceptions discloses that the court would have been fully justified in making the allowance

provided for in the judgment entry for the wife alone. Certainly, such allowance was more than justified when it included not only maintenance for the wife, but also a minor child.

The Court was bound to consider the financial ability of the husband to pay in determining what amount should be allowed for maintenance of the wife and minor child. Such consideration would not decrease the allowance, because there was a wife and one child instead of a wife and two children. The necessity for maintenance could not be affected by the ability to pay although the discretion of the court in fixing the amount of maintenance might be and undoubtedly would be affected by the ability to pay.

The record justifying the amount awarded, considering only the wife and minor child, this Court under the authority conferred upon it in **Art. IV, Sec. 6 of the Constitution of Ohio**, has power to modify the judgment of the Court of Common Pleas, to exclude therefrom so much of the order of the Court as was the result of an over-exercise of jurisdiction, and sustain so much of the judgment as was within the jurisdiction of the court and supported by evidence.

In so doing this Court considers that its action in no way conflicts with the rules pronounced in **In Re Estate of Johnson, et al v Fink, 142 Oh St., 49; Bridgeport Bank Co. et al. v Shadyside Coal Co., 121 Oh St., 544;** or **Burton, Exr., et al. v Tax Commission of Ohio, 37 Oh App., 183.**

For the reasons given, the judgment of the trial court will be modified by striking out the words "and physically incapacitated son" and, as so modified, will be affirmed.

HILDEBRANT, P. J., and ROSS, J., concur in the syllabus & opinion.

MATTHEWS, J., dissents in separate memorandum.

MATTHEWS, J., (dissenting).

I am of the opinion that this judgment should be reversed and remanded for a new trial, because of the error of including the adult son in the benefit of the award of alimony and support.

My dissent from the conclusion to modify the judgment by eliminating the adult son from the judgment and affirming the judgment as modified is based on the belief that it constitutes an attempt to exercise original jurisdiction in an appeal on law only, whereas, the Constitution confers no such jurisdiction. **Johnson v Fink, 142 Oh St., 49,** and **Bridgeport Bank Co. v Shadyside Coal Co., 121 Oh St., 544,** make it clear that **Sec. 6 of Art. IV** confers no jurisdiction to make an original finding of facts on an appeal on law.

In the case at bar, the trial court made no award for the support of the wife and minor child. That award is made for the first time in this court. The only award the trial court made was for the support of the wife, the minor child and the incapacitated adult child. The effect of the modification is to increase the award to the wife and minor child.