50 So.2d 735

**MURRAH v. BAILES, Judge.**

6 Div. 178.

Supreme Court of Alabama.

Feb. 15, 1951.

H. M. Abercrombie, of Birmingham, for petitioner.

Joe G. Burnett, of Birmingham, for respondent.

STAKELY, Justice.

This is a petition for mandamus or other remedial writ to compel George Lewis Bailes as Judge of the Tenth Judicial Circuit of Alabama, in Equity, to vacate on jurisdictional grounds two certain decrees entered by him in connection with a petition to modify a decree of divorce. The modification is sought with reference to the allowance for the support of the child of the marriage. The petitioner here is S. B. Murrah. The allegations of the petition show in substance the following.

On April 23, 1935 Eva Murrah was granted a decree of divorce from the petitioner S. B. Murrah by the Circuit Court of the Tenth Judicial Circuit of Alabama, in Equity, and the decree also awarded her the custody and control of the minor child of the marriage, S. B. Murrah, Jr.

On October 18, 1950 Eva Murrah (now Eva Quittner) filed a petition to modify the aforesaid decree alleging in substance that the correct name of the only child of the marriage is Lloyd P. Murrah who is now 35 years of age, "but is afflicted with a mental disease or condition known as encephalitis, the symptoms of said disease first making itself known when the boy was 16 or 17 years of age." The petition to modify further shows "that the child of her marriage to the respondent is a non compos mentis and has on occasion been committed to the Brice Hospital at Tuscaloosa, Alabama." The petition to modify further shows that because of his mental and physical condition Lloyd P. Murrah is unable to hold a job or in any way earn an income with which to contribute to his support and that the petitioner is without funds to feed and clothe him or provide him with adequate medical care and services. The allegation in the petition to modify is further made that S. B. Murrah is approximately 65 years of age, apparently able-bodied, able to earn a substantial livelihood and is gainfully employed.

S. B. Murrah in a special appearance moved to strike the petition to modify, on the ground that the court had no jurisdiction to make the modification. The court denied the motion. S. B. Murrah then demurred to the petition on the grounds that the court had no jurisdiction and that there was no equity in the petition. The court overruled the demurrer to the petition. These are the two decrees which are sought to be annulled by the petition here filed.

Counsel for both parties appear to concede that the appropriate remedy has been here pursued. Accordingly we will proceed to a consideration of the question involved. Ex parte State ex rel. McLaughlin, 250 Ala. 579, 35 So.2d 507.

There is no doubt that the equity court has jurisdiction to modify a decree of divorce with reference to allowances for the support of the wife or minor child. A petition of this kind is regarded as a supplemental proceeding and the fact that there was no stipulation with reference to support in the original decree and no reservation of power over the decree, does not change the situation. Worthington v. Worthington, 218 Ala. 80, 117 So. 645; Worthington v. Worthington, 224 Ala. 237, 139 So. 334; State v. Worthington, 227 Ala. 204, 149 So. 709; Bridges v. Bridges, 227 Ala. 144, 148 So. 816; Scott v. Scott, 247 Ala. 598, 25 So.2d 673. But is it proper to apply the principle of the foregoing cases to a situation where the petition to modify is with reference to the support of a child of the marriage who is an insane adult? However much the court will desire to aid the helpless,

and the afflicted, the court can only establish a liability in aid of the afflicted or the helpless upon some legal or equitable basis.

■ It is obvious that in order to establish liability against the father for the support of an adult child who is insane, in the absence of a contract there must be either some statute which authorizes the establishment of the liability or there must be some principle of the common law upon which such liability can be predicated. No contract is alleged in this case and we think it is clear that there is no statute on which the liability here sought can be established. The statutes which provide for allowances for children in the event of divorce or separation of parents clearly apply only to minor children. Ex parte State ex rel. Tissier, 214 Ala. 219, 106 So. 866; Thomas v. Thomas, 212 Ala. 85, 101 So. 738; Coleman v. Coleman, 198 Ala. 225, 73 So. 473. In addition to these statutes, §§ 35 and 79, Title 34, Code of 1940, a court of equity has inherent jurisdiction in matters of this kind, Scott v. Scott, supra; Butler v. Butler, 254 Ala. 375, 48 So.2d 318, because there is a common law duty of a father to support his infant children. In re May's Estate, 255 App.Div. 31, 5 N.Y.S.2d 684.

With reference to § 8, Title 44, Code of 1940, it is sufficient to say that the case does not come within the provisions of this statute. There is no allegation in the petition which shows that the child is a pauper. The suit is not by a county or municipality which has made provision for the support of a pauper.

■ So it becomes necessary to see if an obligation in the present case can be based on the provisions of the common law. Generally speaking at common law no obligation rests upon a parent to support his insane adult child. In re Hofmann's Estate, 261 App.Div. 556, 26 N.Y.S. 2d 430; In re May's Estate, supra; In re Erny's Estate, 337 Pa. 542, 12 A.2d 333. An exception to the foregoing rule is where the child was living with the parent and was incompetent when he reached majority. In re Erny's Estate, supra;

Breuer v. Dowden, 207 Ky. 12, 268 S.W. 541, 42 A.L.R. at page 146; Crain v. Malone, 130 Ky. 125, 113 S.W. 67, 22 L.R.A.,N.S., 1165, 132 Am.St.Rep. 355; 39 Am.Jur. p. 710.

■ The allegations of the petition to modify which we are here considering must, of course, be construed most strongly against the pleader. The petition shows that while a minor the child showed symptoms of encephalitis. There is nothing to show, however, that the child became a non compos mentis while a minor and there is certainly nothing to show the child was living with his father when he attained his majority. In fact the mother received custody and control of the child while he was a minor and that was 15 years ago. It therefore does not appear to us that the allegations of the petition bring the case within the exception which we have stated. 44 C.J.S., Insane Persons, § 74, pp. 175–176.

We conclude that the decree denying the motion to strike the petition to modify and the decree overruling the demurrer to the petition to modify should both be expunged.

Writ awarded.

FOSTER, LIVINGSTON and LAWSON, JJ., concur.