149 So.2d 770

**John T. REYNOLDS, Jr.**

v.

**Frances A. REYNOLDS.**

**I Div. 926.**

Supreme Court of Alabama.

Sept. 28, 1961.

Rehearing Denied Feb. 21, 1963.

Wm. R. Lauten, Mobile, for appellant.

478

Vincent F. Kilborn, Mobile, for appellee.

LIVINGSTON, Chief Justice.

In May 1956, appellee was granted a divorce, awarded alimony, support monies, and custody of the three minor children of the marriage, subject to certain visitation rights of the father. Appellant subsequently sought modification of the divorce decree, and the trial court, on July 19, 1957, entered a modified decree which, in so far as is pertinent to the instant case, ordered appellant to pay $250 per month as support of the minor children born of the above marriage on the following basis: $100 per month for the care and maintenance of John Terry Reynolds, III, $75 per month for the care and maintenance of Kathleen Jeanette Reynolds, and $75 per month for the care

and maintenance of Charles Peter Reynolds.

On March 28, 1960, John T. Reynolds, III, became 21 years of age, and appellant notified the proper court officer that he would no longer remit $100 per month for the support and maintenance of John T. Reynolds, III. Under the wording of the July 19, 1957 decree, and where, as here, the age of John T. Reynolds, III, was not in dispute, generally speaking, the appellant was under no duty to seek a modification of the decree with reference to support money for John T. Reynolds, III, since by operation of law he was no longer under a legal duty to support his adult child. Had the trial court not itemized the monthly payments but merely awarded a lump sum, a petition for modification would have been necessary to relieve appellant from payment of the lump sum on the grounds of changed conditions.

It must be remembered that up to the time he reached 21 years of age, there had been no adjudication of the physical or mental condition of John T. Reynolds, III.

On June 10, 1960, the appellee filed a motion for execution on judgment of the July 19, 1957 decree. Appellant filed a motion to strike, which motion was overruled by decree of June 30, 1960, but the trial court ordered a hearing set for July 14, 1960, in the following language:

"It is also further ordered, adjudged and decreed by the Court that a hearing be, and hereby is, set in the above cause for Thursday, July 14, 1960, at 9:30 AM prior to which time and date the Complainant may file a proper motion and offer testimony to the Court as to the age, physical and mental condition and earning capacity of the oldest child and the Defendant may have an opportunity to answer said motion and offer testimony therein."

Appellant then filed a petition for modification of the July 19, 1957 decree, seeking relief from that portion of the decree order-

ing support money for John T. Reynolds, III.

Appellee filed an answer alleging the physical and mental disability of John T. Reynolds, III, and facts tending to show the necessity for a continuance of support monies for the adult child, and seeking in the alternative an increase in the payment for the support of the two minor children.

The trial court, after a full hearing, entered its decree of July 28, 1960, finding John T. Reynolds, III, to be physically and mentally disabled, ordering his care and custody to remain with the appellee and ordering appellant to make past due $100 monthly payments ordered by the decree of July 19, 1957, and to continue to make payment of $100 per month for the support and maintenance of John T. Reynolds, III, until further order of the court. The father appealed.

The general rules of law of parent and child, which are based on the child's incapacity, both natural and legal, and its consequent need of protection and care, ordinarily apply only while the child is under the age of majority. 39 Am.Jur. 708, Parent and Child, Sec. 68, and generally, when a child arrives at the age of majority, the parent is no longer under any legal obligation to support him. 39 Am.Jur. 710, Parent and Child, Sec. 69. These rules are recognized and supported by many authorities. See the Annotation to Wells v. Wells, beginning on page 910 of 1 A.L.R.2d. The Wells case is also reported in 227 N.C. 614, 44 S.E.2d 31, 1 A.L.R.2d 905. And there are cases holding that even though a child is unable to care for itself after becoming of age, that in the absence of a statute imposing such a liability, a parent, even though able to do so, is under no obligation to support such child. See Annotation 1 A.L.R.2d, at page 920. There is respectable authority to the effect that where a child is of weak body or mind, unable to care for itself after becoming of age, the parental rights and duties remain thereafter practically unchanged, and that the parent's duty to support the child continues as before. See Annotation 1 A.L.R.2d, beginning on page 921. But we believe that these cases agree, almost without exception, that the equity court in a divorce action is without authority to provide for such adult child's support, in the absence of statutory authority or contract, the divorce court's control over the child or its care terminating with his attainment of majority. Borchert v. Borchert, 185 Md. 586, 45 A.2d 463, 162 A.L.R. 1078; Murrah v. Bailes, 255 Ala. 178, 50 So.2d 735; Rife v. Rife, 1933, 272 Ill.App. 404; Chaffee v. Chaffee, 1867, 15 Mich. 184; Johnstone v. Johnstone, 1927, 130 Misc. 243, 223 N.Y.S. 744; Brunswick v. First Cent. Trust Co., 1940, 66 Ohio App. 242, 32 N.E.2d 855; Dornbusch v. Dornbusch, 1945, 75 Ohio App. 490, 62 N.E.2d 652; Bodle v. Bodle, Ohio App. 1940, 46 N.E.2d 472; Beilstein v. Beilstein, Ohio App.1945, 61 N.E.2d 620; Blake v. Blake, 1935, 20 O.L.A. 3; Boehler v. Boehler, 1905, 125 Wis. 627, 104 N.W. 840.

But we see no point in belaboring this opinion in an attempt to analyze the many different factual situations that have been presented to the courts of other jurisdictions, and the many conflicting decisions, real or apparent, of other courts.

■ The pivotal question presented by the appeal in the instant case is: In a supplemental proceedings to a divorce action, does the equity court have jurisdiction to order the appellant to support his adult son where the son was admittedly incompetent, both prior to the divorce decree and after reaching majority, but was not living with his father when he attained his majority?

It was said in Murrah v. Bailes, 255 Ala. 178, 50 So.2d 735, 736:

> "* * * However much the court will desire to aid the helpless and the afflicted, the court can only establish a liability in aid of the afflicted or the helpless upon some legal or equitable basis."

The opinion in Murrah v. Bailes, supra, points out that Sections 35 and 79, Title 34, Code of 1940, providing for allowance to

children, apply only to minor children. It was also there said that Sec. 8, Title 44, Code of 1940, cannot serve as statutory authority to assist, since, as here, the adult child is not a pauper and the suit is not brought by a county or municipality as required by that statute.

In the instant case, as in Murrah v. Bailes, supra, it is conceded that no contract for support exists. In recognizing the general rule of nonliability of the parent for the support of an adult child, it was said in Murrah v. Bailes, supra:

"* * * An exception to the foregoing rule is where the child was living with the parent and was incompetent when he reached majority * * *.

"* * * There is nothing to show, however, that the child became a non compos mentis while a minor and there is certainly nothing to show the child was living with his father when he attained his majority. In fact the mother received custody and control of the child while he was a minor and that was 15 years ago. * * *"
(In the instant case, the mother received custody of the child in a divorce action 4 years before this proceeding arose.)

Appellee relies heavily upon Wells v. Wells, 227 N.C. 614, 44 S.E.2d 31, 1 A.L.R.2d 905. The Wells case was a suit by the mother against the father, who lived apart from his family, for necessities and services furnished an incompetent adult son of the parties. It was not a divorce action or a supplemental proceeding thereto, but sought merely to recover for necessities and services furnished, and did not, as in the instant case, seek future provisions for the care and maintenance of the incompetent adult. This case falls within the classification of debtor-creditor relationship. While some of the language of the opinion with reference to the substantive question is favorable to appellee's contention, the Wells case is not apt authority upon the question here posed. Authorities, supra.

It is true that the factual situation in the instant case is not identical with the factual situation presented in Murrah v. Bailes, supra. However that may be, we are clear to the conclusion that the trial court had no jurisdiction to order the continuation of the $100 monthly support payments for the benefit of John T. Reynolds, III. This, for the simple reason that the equity court, in a divorce proceeding, or a supplemental proceeding thereto, is without jurisdiction to order a continuation of provisions for support of a child after it reaches majority. That was all that was necessary for a decision in the Murrah v. Bailes case, and is all that we decide in the instant case. The court did have jurisdiction to render a decree as to the continuation of the payments to the two minor children of the father. A decree will be here rendered as above indicated.

Appellee has filed in this Court a motion for allowance of attorney's fees to be taxed against the appellant for representing her on the appeal in this cause.

■ The right to an attorney's fee involving the modification of a decree where child support is involved is not questioned on this appeal, but when the question arises as to the jurisdiction of a court to enforce the payment of child support, where a child has reached its majority, and where, as here, that is the only question litigated, and it is resolved in favor of the father, it is an adjudication that as of the date the child reached the age of 21 years, no further support should be granted in a divorce action, or a supplemental proceeding thereto, and we are of the opinion that an attempt to do so does not merit the awarding of counsel fees against the father.

Modified and affirmed.

STAKELY, J., concurs.

LAWSON and MERRILL, JJ., concur in the results.