222 So.2d 348

**Lottie M. HUTTON**

v.

**Robert Derwood HUTTON.**

**6 Div. 522.**

Supreme Court of Alabama.

April 10, 1969.

92

Geo. S. Brown and Hogan, Wilder, Tarter & Wininger, Birmingham, for appellant.

Roderick M. MacLeod, Jr., and Pritchard, McCall & Jones, Birmingham, for appellee.

HARWOOD, Justice.

In September 1945, the appellant and appellee were married in Pensacola, Florida. The appellant was pregnant at the time of the marriage. After the marriage the appellant and appellee lived together about four days. The appellee, then a sergeant in the army, returned to his barracks at Fort Barancas, and shortly was sent by the army for duty in China. The appellant continued to live and work in Pensacola.

The appellee provided for an allotment of $60.00 per month of his army pay for the appellant.

The appellant testified that after about two years the appellee wrote her he wanted a divorce. The appellant wrote appellee she wanted to talk things over, but later "agreed" to let appellee get a divorce.

On 15 April 1949, the appellee was awarded a decree of divorce by the Circuit Court of Jefferson County, the bill alleging that appellee had been a bona fide resident of Alabama for more than one year, and that appellant had voluntarily abandoned him. The bill also averred that one child was born as a result of the marriage.

The decree further provided that Robert Derwood Hutton, the complainant in the divorce proceedings "shall pay as alimony and support for the minor child of the parties hereto, the agreed amount of Sixty ($60.00) per month hereafter, said payments to begin not later than April 15, 1949, payable on the first day of each month thereafter."

In April 1967, the appellee here, and complainant in the divorce action, filed a petition to modify the decree of divorce of 15 April 1949, in reference to the alimony and support payments provided therein.

The petition, as grounds for modification of the alimony and support payments asserts:

·"That subsequent to the date of the signing of the final decree in this cause on the 15th day of April, 1949, your petitioner has lived up to all of the mandates of the said decree, however, there has been a material change in the circumstances, in that, the minor child of the parties is now twenty one years of age."

The appellant here, respondent in the divorce proceedings, filed an answer and counter petition. She admitted that the child of the parties has now reached twenty-one years of age. She further admitted that her former husband had complied with the terms of the divorce decree as to payments of the alimony and support payments.

The counter petition sets forth the financial condition of the counter petitioner. These allegations are the same as that established by the counter petitioner's evidence set out hereinafter.

The counter petition then prays that the divorce decree of 15 April 1949, be modified by increasing the award of alimony to $150.00. per month.

The appellant testified in the proceedings below that about three years prior to the hearing she purchased a home in Pensacola for $9,000. Her brother made a down payment of $250.00, and the monthly payments on the $9,000 purchase price are $67.00 per month which she pays.

A son by a former marriage and her daughter live with her. The son has a spastic condition and is unable to work. He draws $75.00 per month "disability" and out of this pays her $20 to $30 per month for room and board. She has been doing some baby sitting, and earns about $12 per month from this source. However, most of her time is taken up with her daughter who is "sickly." "I am not able to go out to work because I am not able to pay anyone to stay with her." Mary J.

Nelson, sister of the appellant, described the daughter's illness as being epilepsy.

Arthur Stromberg, a brother of appellant, and Mrs. Nelson, her sister, testified they assisted the appellant to the extent of their abilities by paying medical and drug bills for her, and buying groceries.

So far as shown by the record, the appellant's income consists of the $60.00 per month paid by appellee for alimony and child support, the $20 or $30 per month board paid by her son, $12 per month earned as a baby sitter, and whatever aid is given to her by her brother and sister.

The appellee's evidence shows that after the divorce he remarried and has two children by his second marriage. He draws $195.00 per month retirement pay from the army and has a job in Huntsville paying $200.00 per week. His total income now exceeds $12,000 per year. The appellee testified he has never seen his daughter.

After hearing the evidence the court entered a decree denying the counter petition for an increase in alimony payments, and modifying the divorce of 15 April 1949, by reducing the "payments" under the terms of such decree to $30.00 per month, the decree noting "the child of the parties has reached the age of twenty-one (21) years."

■ Where support has been awarded for a minor child in a divorce proceedings, and the child reaches the age of 21 years, the obligation for support payments cease, even though the child is mentally or physically disabled. This is the rule of the common law, and being unchanged by statute, is the prevailing rule in this state. Murrah v. Bailes, Judge, 255 Ala. 178, 50 So.2d 735.

Except for the fact that the child had reached her majority, it is indeed difficult to find any basis for reducing the alimony to be paid the wife. True, the divorce decree provided that the appellee here "shall pay as alimony and support for the minor child of the parties hereto, the agreed amount of Sixty ($60.00) per month hereafter * * *." The Chancellor, we would gather from his decree reducing the payments by half, has viewed the payment provision in the divorce decree as being half for the support of the wife, and half for the support of the child. However, no such provision appears in the decree.

■ As set forth in Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825:

"The fact that the custody of the children may be awarded to the wife is proper in determining the amount of alimony for her; but, unless an amount is separately awarded for them, the decree should not be treated as conferring a separate award. When not so, the subsequent removal of the burden of their care may be ground for modifying and reducing future installments, but it is not a necessary result. 19 Corpus Juris 275, § 625, p. 259, § 601."

■ Treating the amount awarded in the decree as not awarding a separate amount for the support of the child, but for the support of the wife as well, should such amount be reduced in the face of the facts shown by the record? We conclude that the evidence fails to show such a change in circumstances as to justify a reduction. The husband's income since the date of the divorce decree has risen from $190.00 per month to better than $1,000 per month, a five fold increase. The purchasing power of the dollar has substantially decreased during that time. The appellant is seriously handicapped, if not precluded, from seeking employment to aid in her support by the necessity of tending the afflicted child of the marriage, even though that child has reached her majority. The decree of the lower court reducing the payments is therefore due to be reversed.

We come now to a consideration of that part of the decree denying appellant's counter petition for an increase in alimony payments.

■ ■. ·It is true that an agreement between parties fixing alimony and child support payments becomes merged into the decree and thereby loses its contractual nature, at least to the extent that a court of equity has the power to modify the decree when changed conditions so justify. Colton v. Colton, 252 Ala. 442, 41 So.2d 398. Nevertheless, a decree fixing alimony and support payments in accordance with the parties' agreement will not be modified except for clear and sufficient reasons after the question has been subjected to thorough consideration and investigation. Walker v. Walker, 255 Ala. 599, 52 So.2d 505.

■ The amount to be awarded as alimony depends upon many factors not susceptible to a proper enumeration because new factors may emerge in a particular case. Each case must be determined on its own particular facts, and a court may in the exercise of its discretion emphasize certain factors in a particular case. Among the factors to be considered is the length and duration of the marriage. See Davis v. Davis, 274 Ala. 277, 147 So.2d 828, 1 A.L.R.3d 1.

■ In the present case the parties lived together as husband and wife for four days, though the marriage was not actually dissolved by a decree of divorce until some four years later. At all times since the marriage the appellee has paid to appellant $60.00 per month, either by way of a military allotment, or payments under the divorce decree for alimony and child support. As pointed out by counsel for appellee, appellee has paid to appellant some $15,000 over the years. This factor, i.e., the length of the marriage, would in and of itself justify the Chancellor in refusing to increase the amount awarded in the divorce decree and negative any conclusion that an abuse of discretion infected the conclusion.

It is our conclusion upon consideration of all the evidence that the appellee-husband's petition for reduction of alimony payments should have been denied. Therefore, that part of the decree reducing such payments is hereby reversed and rendered.

That part of the decree denying the appellant-wife's petition for an increase in alimony payments is due to be, and is hereby affirmed.

That part of the decree awarding a solicitor's fee to counsel for respondent in the court below is also affirmed.

Affirmed in part, reversed in part, rendered in part.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.