383 So.2d 857 (1980)
Jean E. RALLS
v.
John Greal RALLS.
Civ. 2131.
Court of Civil Appeals of Alabama.
May 14, 1980.
*858 W. Harold Albritton for Albrittons & Givhan, Andalusia, for appellant.
Rivard D. Melson for Harden & Melson, Monroeville, for appellee.
William D. Melton, Evergreen, amicus curiae.
WRIGHT, Presiding Judge.
This is a divorce case.
The parties were divorced on March 23, 1977, by decree of the Conecuh County Circuit Court. The decree incorporated an agreement of the parties which was reached just before time for trial and dictated into the record by counsel for the parties.
The decree awarded custody of the parties' two minor children to the mother. The father was required to pay $300 per month as support for the two children. The payments were to continue as long as either child remained in school and cease as of the time neither child was in school. The father was also required to pay $200 per month as alimony which payments were to continue until such time as neither child was in school and the mother was remarried. In addition, the father was required to pay the necessary expenses for the college educations of the children and all medical, dental and drug expenses of the children which were not covered by medical insurance during the time they were in school.
On June 12, 1979, the father filed a petition to modify the divorce decree. The mother answered and filed a counterpetition to modify. Both petitions were amended at trial. The father's petition as amended asked that the decree be modified to:
(1) [R]eflect that the $300 per month child support cease when the youngest child of the parties attains her majority.
(2) [R]equire defendant (the father) to pay $200.00 per month directly to each child so long as said child is in under-graduate school.
(3) [D]elete the requirement that defendant pay plaintiff periodic alimony.
The mother's counterpetition asked for increased alimony and child support, a more equitable division of property, and attorneys' fees.
After an ore tenus hearing the trial court modified the decree (1) to relieve the father of the obligation to pay child support after the youngest child reaches the age of nineteen years, and (2) to relieve the father of the obligation of paying the necessary expenses for the college education of each child as he or she reaches the age of nineteen years. The trial court refused any further relief to the father and denied all relief on the mother's counterpetition. The mother appeals.
There are two issues on appeal.
The first is whether the trial court erred in modifying the divorce decree to relieve the father from the obligation of providing support and college expenses for his children beyond their majority, where the decree incorporated an agreement of the parties.
*859 The law in Alabama is clear that a court does not have the power, in the absence of an agreement, to order a parent to support an adult child. Davenport v. Davenport, 356 So.2d 205 (Ala.Civ.App.1978); Huckaba v. Huckaba, 336 So.2d 1363 (Ala.Civ.App.1976). However, we know of no decision of our appellate courts which has decided whether a judgment, based upon an agreement of the parties, requiring payment by a parent of support and education expenses for a child beyond the statutory age of majority may be enforced.
The father argues that it is unclear from the divorce decree whether these provisions were based on an agreement of the parties or were orders of the court based on testimony taken at the original hearing. We find no merit in this argument.
The decree of the court in the original divorce proceeding states: "An agreement having been entered into between the parties and dictated into the record in this cause, said agreement is hereby ratified and affirmed. . . . " In addition, both parties testified at the hearing on the petitions to modify that the divorce decree was based upon an agreement.
The question then is whether this agreement, when incorporated into the court's decree, is binding upon the parties even though the court could not make such an order sua sponte. We find that such an agreement is binding upon the parties until modified by a court of competent jurisdiction.
It has been said that an agreement between the parties fixing child support payments, when incorporated into a judgment, becomes merged into the judgment and thereby loses its contractual nature to the extent that a court of equity has the power to modify the decree when changed circumstances so justify. Hutton v. Hutton, 284 Ala. 91, 222 So.2d 348 (1969). The parties by requesting their agreement be made a part of the judgment submit that agreement to the equity consideration of the court. The court may accept the agreement or part of it or may reject the agreement and make such order as it finds to be fair and equitable and in the best interest of the children. We hold the parties are bound by the provisions of their agreement which are incorporated into the judgment until those provisions are modified by a court of competent jurisdiction. This holding is in conformity with that of the great majority of other jurisdictions. Ovaitt v. Ovaitt, 43 Mich.App. 628, 204 N.W.2d 753 (1972); White v. White, 25 N.C.App. 150, 212 S.E.2d 511, aff'd, 289 N.C. 592, 223 S.E.2d 377 (1975); Worthington v. Worthington, 207 Ark. 185, 179 S.W.2d 648 (1944); Robruck v. Robruck, 167 Ohio 479, 150 N.E.2d 421 (1958); West v. West, 131 Vt. 621, 312 A.2d 920 (1973); 27B C.J.S., Divorce, § 319(4) at 610; 24 Am.Jur.2d, Divorce and Separation, § 832 at 944.
Where one of the parties seeks to modify a judgment fixing child support payments in accordance with an agreement, there will be no modification except for clear and sufficient reasons. Hutton v. Hutton, supra. The evidence in this case does not show such clear and sufficient reasons for modification and the trial court erred in modifying the decree.
The mother's final issue is whether the trial court abused its discretion in refusing to increase child support payments and award her attorneys' fees.
The trial court found no changed circumstances which would warrant modifying the decree to increase child support payments. Having carefully considered the record, we agree with the trial court. We find no abuse of discretion. Murphree v. Murphree, 366 So.2d 1132 (Ala.Civ.App.1979).
However, we believe the mother should be awarded attorneys' fees. This litigation is the result of the father's attempt to relieve himself of obligations which he voluntarily assumed. The mother retained counsel to defend her rights and the rights of her children under the parties' agreement. We do not believe she should bear the burden of that defense. There is expert testimony that a reasonable attorney's fee in this case would be between $750 *860 and $1,000. The mother is awarded $750 as attorneys' fees.
The mother also requested that she be awarded attorneys' fees for her representation on this appeal. Her request is granted in the amount of $500.
The trial court's order modifying the divorce decree is reversed.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.
BRADLEY, Judge, concurring specially:
I concur with the majority's conclusion that the trial court did not err in refusing to increase child support payments and that it did err in failing to award attorney's fees to the mother. I also agree with the majority that the trial court erred in holding that a parent cannot be made to support an adult child where that parent has, by agreement incorporated into the trial court's decree, agreed to do so. But, I do so only because the supreme court has apparently taken the position that an equity court in a divorce action can require a parent to support an adult child if such action is based on contract. See Reynolds v. Reynolds, 274 Ala. 477, 149 So.2d 770 (1961) and Murrah v. Bailes, 255 Ala. 178, 50 So.2d 735 (1951).