HOLMES, Judge.
This is a child support modification ease.
The trial court of Morgan County required the father of a permanently disabled child to support the child past the age of majority. Additionally, the trial court increased support payments.
The father appeals and this court has no alternative but to reverse.
The primary issue before this court is whether the trial court’s actions requiring a non-custodial father to support his permanently disabled child is error. The father also contends the trial court erred in increasing support.
The facts pertinently are:
The parties were divorced in 1967. At that time there were four minor children including the disabled child who is the youngest. The original decree required the father to pay $12 per child per month for support. Child support was to continue for the children until they reached the age of eighteen or became self-supporting.
In 1970, the decree was modified to require the father to pay $50 per month for the disabled child’s support as well as all medical expenses.
In July, 1982, the mother filed a petition for modification seeking an increase in child support. The trial court found that the disabled child was permanently disabled and would continue to be dependent upon his parents. At the time of the hearing, the child was seventeen years old. He suffers from spinal epifida causing him to be paralyzed from the waist down and confined to a wheelchair. He currently lives with his mother who has custody by virtue of the divorce decree.
Both parents have remarried and their spouses both work. The father’s income has increased substantially — from $4.39 to $10.05 per hour — since the 1970 modification.
The trial court ordered the father to pay $150 per month for six months beginning September, 1982, thereafter increasing to $300 per month for support for the disabled child. In addition, the father is required to pay all medical expenses and maintain a life insurance policy with the disabled child as beneficiary. The trial court ordered that the support payments continue “as long as the child is dependent upon the parties for his support.” In denying the father’s motion for new trial, the trial court stated that the “support of a dependent child is the obligation of parents as a matter of public policy.”
The law in Alabama as it relates to the issue before this court is as follows:
In Reynolds v. Reynolds, 274 Ala. 477, 149 So.2d 770 (1963), the supreme court had presented to it the very issue now before this court; that is, the question of the trial court's authority in a supplemental proceeding to a divorce action to order a non-custodial parent to support his incapacitated child after the child has reached majority.
The supreme court in Reynolds held that the trial court was without jurisdiction to order a parent to support an adult child since the divorce statutes awarding child support apply only to minor children. The *294 court stated the general rule as it exists m Alabama as being that a parent is not liable to support an adult child unless the child was living with the parent and was incompetent when he reached majority.
Alabama Code § 12-3-16 (1975) requires this court to follow the decisions of the supreme court. We have no alternative but to reverse because Reynolds, supra, requires it.
This court would be remiss in not commenting that were we free to do so, we would find the learned trial judge did not err. We would follow our sister state of Florida’s reasoning as stated in Fincham v. Levin, 155 So.2d 883 (Fla.App.1963), in which that court held that where a child is of weak body or mind, unable to care for itself after coming of age, the parental rights and duties remain practically unchanged and the parents’ duty to support the child continues as before.
A New Jersey court, in Kruvant v. Kruvant, 100 N.J.Super. 107, 241 A.2d 259 (1968), holds the position that support statutes contemplated support for children of divorced parents because of the presumed inability of these children, by reason of their minority, to provide for themselves. The New Jersey court further reasons that children who are physically or mentally unable to care for themselves are no less entitled to the “court’s solicitude where they continue to suffer, after they have attained their majority, from a physical or mental disability which continues to render them incapable of self-support.” Kruvant v. Kruvant, supra. This court believes that is the better reasoning.
As to the second issue of increased child support while the child is a minor, we find no error. The modification of child support is a subject which falls within the sound judicial discretion of the trial court and the trial court’s decision thereon will not be disturbed on appeal except where such discretion was plainly and palpably abused. Dismukes v. Dismukes, 376 So.2d 730 (Ala.Civ.App.1979); Plaskett v. Plaskett, 348 So.2d 784 (Ala.Civ.App.1977).
The increase in the instant case is generous, but the primary consideration is the needs of the child in relation to the ability of the parent to pay. Here, the child’s ordinary expenses have increased as well as the cost of caring for the child’s physical condition. Correspondingly, the father’s income has increased since the last modification. Hence, no error.
In view of the above, this case is due to be affirmed in part and reversed in part.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.