The trial court in this case ordered respondent, the father of a permanently disabled child, to support the child past the age of majority, and further, increased the amount of support payments the father was already making. The Court of Civil Appeals, 445 So.2d 292, reversed the order of the trial court because it felt compelled to follow the decision of this Court in Reynolds v. Reynolds, 274 Ala. 477, 149 So.2d 770 (1963), which held that, because the Alabama statute providing for child support (Code of 1975, § 30-3-3) had been held to apply only to minor children, the trial court was without jurisdiction to order a parent to support an adult child. We granted certiorari to consider petitioner's request that this Court overrule Reynolds, supra.
The facts as set out in the opinion rendered by the Court of Civil Appeals are as follows:
 "The parties were divorced in 1967. At that time there were four minor children including the disabled child who is the youngest. The original decree required the father to pay $12 per child per month for support. Child support was to continue for the children until they reached the age of eighteen or became self-supporting.
 "In 1970, the decree was modified to require the father to pay $50 per month for the disabled child's support as well as all medical expenses.
 "In July, 1982, the mother filed a petition for modification seeking an increase in child support. The trial court found that the disabled child was permanently disabled and would continue to be dependent upon his parents. At the time of the hearing, the child was seventeen years old. He suffers from spinal epifida causing him to be paralyzed from the waist down and confined to a wheelchair. He currently lives with his mother who has custody by virtue of the divorce decree.
 "Both parents have remarried and their spouses both work. The father's income has increased substantially — from $4.39 to $10.05 per hour — since the 1970 modification.
 "The trial court ordered the father to pay $150 per month for six months beginning September, 1982, thereafter increasing to $300 per month for support for the disabled child. In addition, the father is required to pay all medical expenses and maintain a life insurance policy with the disabled child as beneficiary. The trial court ordered that the support payments continue `as long as the child is dependent upon the parties for his support.' In denying the father's motion for new trial, the trial court stated that the `support of a dependent child is the *Page 296 
obligation of parents as a matter of public policy.'"
Although we appreciate the decision of the Court of Civil Appeals which follows the general rule announced in Reynolds,supra, this Court concludes that the decision of the trial court is the result which accords with the legislature's intent in this instance. To the extent that Reynolds, supra, is inconsistent with this holding, it is specifically overruled.
An analysis of the Alabama cases reveals that Reynolds-type decisions were based on the position that, absent a statute or agreement, no common-law authority existed to impose upon a non-custodial parent the obligation to support his adult child. However, the majority trend is to recognize an exception to this rule when the adult child is so mentally and/or physically disabled as to be unable to support himself. See e.g. Kruvantv. Kruvant, 100 N.J. Super. 107, 241 A.2d 259 (1968); Fincham v.Levin, 155 So.2d 883 (Fla.App. 1963); Wells v. Wells,227 N.C. 614, 44 S.E.2d 31 (1947); O'Malley v. O'Malley, 105 Pa. Super. 232,161 A. 883 (1932).
The Court in Reynolds based part of its decision on Murrah v.Bailes, 255 Ala. 178, 50 So.2d 735 (1951), which held that the term "children" as used in § 30-3-1 was clearly meant to apply only to minor children. The statute, however, does not express such a limitation, and such a narrow interpretation is unacceptable. In the frame of reference of the present case, we believe the legislature intended that support be provided fordependent children, regardless of whether that dependency results from minority, or from physical and/or mental disabilities that continue to render them incapable of self-support beyond minority.
Thus, we adopt the reasoning of the New Jersey Superior Court in the case of Kruvant v. Kruvant, supra, where the facts were similar to those of the case at bar. The case involved an appeal by a divorced husband from orders of the lower court reopening and modifying provisions for support of his son contained in a divorce decree. The husband argued that the New Jersey court did not have the jurisdiction under New Jersey's divorce statutes to order support for an adult child. The New Jersey court, however, said of its divorce statute:
 "[It] contemplates support for the children of divorced parents who, but for the divorce, would have continued to be entitled to the support of their father. It stems from the presumed inability of such children, by reason of their minority, to provide for themselves. Children who are unable to care for themselves because of their minority are no less entitled to the court's solicitude when they continue to suffer, after they have attained their majority, from a physical or mental disability which continues to render them incapable of self-support. Normal instincts of humanity and plain common sense would seem to dictate that in such cases the statutory obligation of the parent should not automatically terminate at age 21, but should continue until the need no longer exists. 67 C.J.S. Parent and Child § 17, p. 704 (1950); 39 Am.Jur., Parent and Child, § 40, p. 645, § 69, p. 710 (1942). However, we do not believe that the Legislature in enacting N.J.S. 2A:34-23, N.J.S.A., intended to confer jurisdiction upon the court to compel a husband or wife to support a child suffering from a disability which did not exist at the time of his attaining his majority but came about some time later."
100 N.J. Super. at 113, 241 A.2d at 265-266. Further, we take note of the case of Strom v. Strom, 13 Ill. App.2d 354,142 N.E.2d 172 (1957), where an Illinois court observed that the Illinois divorce statute did not specifically refer to children who are minors and held that where care is necessary to equip the child for adult life and the financial circumstances of the father are adequate, equity can continue its jurisdiction to compel support of an adult child.
Moreover, in addition to our expanded interpretation today of the term "children" in the Alabama child support statute, we *Page 297 
recognize a duty imposed on parents to support their children who continue to be disabled beyond their minority. Accordingly, as urged by our Court of Civil Appeals, we follow the reasoning of our sister state, Florida, as expressed in the case ofFincham v. Levin, supra, at 884:
 "[Appellant] cites the annotation in 1 A.L.R.2d at page 914 in support of the proposition that the common law went no further than to impose on parents the duty of supporting their minor children, and that as a general rule there is no obligation on the part of a parent to support an adult child. This is unquestionably the rule with respect to able-bodied children. However, the same annotation (at page 921) reflects that most jurisdictions hold that where a child is of weak body or mind, unable to care for itself after coming of age, the parental rights and duties remain practically unchanged and the parent's duty to support the child continues as before. We concur with the trial court and Perla v. Perla, [58 So.2d 689 (Fla. 1952)], in adopting that view."
Not only does this appear to be the better view, it also accords with the legislative intent. Therefore, the judgment of the Court of Civil Appeals reversing the trial court's order continuing child support for the disabled child beyond his majority is hereby reversed, and the cause is remanded to the Court of Civil Appeals for disposition not inconsistent with this opinion. Since respondent does not address in brief the correctness of the judgment of the Court of Civil Appeals affirming the trial court's order increasing the amount of the child support payment from $50.00 to $300.00 per month, we do not consider this issue addressed by the petitioner.
REVERSED IN PART AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, SHORES, EMBRY and ADAMS, JJ., concur.
MADDOX, J., dissents.
ALMON, J., not sitting.