THIGPEN, Judge.
This is a post-divorce proceeding involving the payment of post-minority support for college education.
The parties were divorced in 1978. Two children were born of the marriage, a son and a daughter. The mother was awarded custody of the children. In October 1990, the mother filed a petition for modification, requesting that the father be ordered to continue monthly support payments beyond the son’s minority to contribute to his college education.
Following an ore tenus proceeding, the trial court ordered that the father’s child support obligation not extend past the son’s minority.
The mother appeals from this order, contending that the trial court erred in not ordering the father to contribute to the post-minority expenses of the son in light of an agreement set out in the parties’ divorce decree and in light of recent Alabama law which allows such support. See, Ex parte Bayliss, 550 So.2d 986 (Ala.1989).
We note at the outset that where evidence is presented ore tenus, the trial court’s judgment is presumed correct unless it is so unsupported by the evidence that it is plainly and palpably wrong. Coby v. Coby, 489 So.2d 597 (Ala.Civ.App.1986). Further, matters concerning child support are within the trial court’s discretion and the court’s rulings on those matters will be reversed only upon a showing that the trial court abused its discretion or that its determination is plainly and palpably wrong. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
It is the mother’s position that the original divorce decree contains an agreement sufficient to warrant the trial court to order the father to contribute to the son’s college education. The record reveals that the divorce decree contains the following provision:
“2(c) The parties have agreed that the costs of attending college for the minor children may be agreed upon at a later date and by modification of this agreement.”
The mother cites Ralls v. Ralls, 383 So.2d 857 (Ala.Civ.App.1980), to support her position that this was a binding agreement by the father to pay for the college education of the children. While it is true that Ralls stands for the proposition that parties are bound by the provisions of their agreement that are incorporated into a judgment, the provisions enforced in that case included agreements to pay specific amounts under specific conditions. Ralls, supra, at 858, 859.
The provision in the decree in the instant case is simply insufficient to require the father to pay post-minority education support for the children; at most, it was an agreement to try to reach an agreement between the parties when the issue regard *359 ing college expenses arose. Further, it specifically mentions that it will require a modification of the original agreement; Ralls dealt with binding the parties to provisions already agreed upon. In the instant case, it was the parties’ inability to reach an agreement when the time came that gave rise to the petition for modification and the subsequent order that are the subject of this appeal.
Next, the mother contends that the trial court erred in not ordering the father to contribute to the son’s support and college education. Our supreme court determined in Ex parte Bayliss, 550 So.2d 986 (Ala.1989), that when a marriage is terminated by divorce, the trial court has jurisdiction to require parents to provide post-minority support for a college education.
The power to require parents to provide such support is not without limitation. Our supreme court has set out the relevant factors for the trial court’s consideration, including “all relevant factors that shall appear reasonable and necessary, including primarily the financial resources of the parents and the child and the child’s commitment to, and aptitude for, the requested education.” Bayliss, supra, at 987. Further, Bayliss permits the trial court to take into consideration the standard of living the child would have enjoyed if the marriage had not been dissolved and “the child’s relationship with his parents and responsiveness to parental advice and guidance.” Bayliss, at 987.
A careful review of the facts in the instant case reveals a situation that is distinguishable from the situation in Bayliss. In Bayliss, the father refused to contribute in any way to the college education of his son, though the father was wealthy and the son was superior academically. Also, the son had already started school at an expensive private college located out-of-state. In the instant case, the son has expressed a desire to attend school at a state college where he has already been accepted and which is within driving distance from his mother’s house, thus saving on room and board. Further, the father has veteran benefits which will pay his son’s tuition and books at any state institution. The father has provided the son with an automobile and has been paying his son’s automobile insurance. The father testified that he would “love it” if his son would live with him to attend school. The father lives in close proximity to another one of our state universities. The father also testified that he has an adopted son who attends college on the veteran benefits, but who also works to pay his room and board, indicating the father may well have required some effort on his son’s part had the marriage not dissolved. In short, there was ample evidence supporting the decision of the trial court.
Our judgment cannot be substituted for .the trial court’s unless we are convinced it was clearly and palpably wrong. This we cannot say in the instant case; hence, the judgment of the trial court is affirmed.
The mother also asks that she be awarded attorney’s fees for her representation on this appeal. This request is denied.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.