Although I concur in the other portions of the main opinion and although I am sympathetic to the mother's desire to have the father provide health insurance for the parties' sons as part of their college education expenses, I believe that the trial court erred in requiring the father to provide such coverage. Therefore, I must respectfully dissent in that portion of the main opinion overruling McKnight v. McKnight, 888 So.2d 1251
(Ala.Civ.App. 2004); Amaro v. Amaro, 843 So.2d 787
(Ala.Civ.App. 2002); Gage v. Cochran, 777 So.2d 720
(Ala.Civ.App. 2000); Luce v. Luce, 681 So.2d 613 (Ala.Civ.App. 1996); and Barnes v. State ex rel. Barnes, 653 So.2d 310
(Ala.Civ.App. 1994), to the extent that those opinions reflect the view that health-related expenses are not properly includable as part of educational expenses under Ex parte Bayliss,550 So.2d 986 (Ala. 1989).
Section 30-3-1, Ala. Code 1975, provides, in pertinent part: "Upon granting a divorce, the court may give the custody and education of the children of the marriage to either father or mother, as may seem right and proper. . . ."
Our supreme court in Ex parte Brewington, 445 So.2d 294, 296
(Ala. 1983), expanded the definition of the word "children" in §30-3-1 to include dependent children whose "dependency results from *Page 1290 
. . . physical and/or mental disabilities that continue to render them incapable of self-support beyond minority." In expanding that definition, the supreme court "recognize[d] a duty imposed on parents to support their children who continue to be disabled beyond their minority." 445 So.2d at 297. In other words, the supreme court determined that dependency beyond the age of majority based on a physical and/or mental disability was an exception to the rule that "absent a statute or agreement, no common-law authority existed to impose upon a non-custodial parent the obligation to support his adult child."445 So.2d at 296.
In Ex parte Bayliss, supra, our supreme court expanded the definition of children in § 30-3-1 and, accordingly,
 "expand[ed] the exception to the general rule — i.e., the rule that a divorced, noncustodial parent has no duty to contribute to the support of his or her child after that child has reached the legislatively prescribed age of majority — beyond Brewington, supra (dealing with a physically or mentally disabled child) to include the college education exception."[7]
550 So.2d at 992.
Our supreme court has conferred jurisdiction upon the trial courts of Alabama to order postminority support for a physically or mentally disabled child who is unable to support themselves upon reaching the age of majority, and the court has also conferred jurisdiction upon the trial courts to order payment of college expenses where application for such expenses is made before the child reaches the age of majority. Our supreme court in Ex parte Bayliss held that "under § 30-3-1 courts have the right to assure that the children of divorced parents, who are minors at the time of the divorce, are given the same right to a college education before and after they reach the age of 19 years that they probably would have had if their parents had not divorced." 550 So.2d at 995. However, I cannot say that the supreme court intended to include health insurance as part of the right to a college education when the child is not disabled. I recognize that this court has included room, board, books, tuition, and necessary school fees as part of college expenses, see Bayliss v. Bayliss, 575 So.2d 1117 (Ala.Civ.App. 1990), andThompson v. Thompson, 689 So.2d 885 (Ala.Civ.App. 1997); however, in my opinion, those educational expenses are directly related to attending college. To include health insurance, transportation costs, clothing, etc., as part of "educational expenses" *Page 1291 
would require the noncustodial parent to pay for general child support, and I do not believe that that was the intent of the educational-expenses exception created in Bayliss.
Also, I disagree with the main opinion's assertion that this court has been inconsistent in its treatment of health-related expenses as part of college education expenses. In Payne v.Williams, 678 So.2d 1118 (Ala.Civ.App. 1996), the trial court ordered the father to pay postminority support in the amount of $700 per month for four years for the parties' 18-year-old daughter who wanted to attend college. The court also ordered that the father provide health-insurance coverage for the daughter or to secure replacement health insurance for as long as she qualified as a dependent. However, the trial court amended its order on the father's postjudgment motion, eliminating the father's obligation to cover the daughter under his health insurance. Accordingly, the issue of health insurance as part of college expenses was not at issue.[8] In Smith v. Smith,836 So.2d 893 (Ala.Civ.App. 2002), the trial court ordered that the husband maintain hospitalization, major medical, and dental insurance coverage on the parties' minor children so long as his group insurer allowed. The husband argued that if his health-insurance carrier allows for coverage for dependents beyond the age of majority, this provision of the divorce judgment would be reversible error. This court agreed, noting that there was no evidence that the condition had been met to include such coverage. Moreover, this court noted that the wife had not requested postminority support and that any request for support would premature because the children were not of college age.
THOMPSON, J., concurs.
[7] I note that our supreme court in Ex parte Bayliss relied, in part, on its earlier case of Ogle v. Ogle, 275 Ala. 483,156 So.2d 345 (1963), for the proposition that a parent may be required to contribute toward the college education of his minor child. Ogle was issued in 1963. In 1971, theTwenty-Sixth Amendment to the United States Constitution was adopted, reducing the voting age from 21 to 18. "Most states went beyond the requirements of the constitutional amendment, passing statutes which not only permitted eighteen-year-olds to vote, but reduced the age of majority to eighteen for most other purposes also." Katherine Conrey Horan, Postminority Support for CollegeEducation — A Legally Enforceable Obligation in DivorceProceedings?, 20 Family L.Q. 589, 590 (1987) (footnote omitted). In 1975, the Alabama Legislature changed the age of majority from 21 to 19. § 26-1-1, Ala. Code 1975. The change impacted postminority educational support because, although a 21-year-old may be close to graduating, a 19-year-old is usually in his first or second year of college. Many state legislatures have adopted statutes authorizing courts to order payment of college expenses. See William V. Fabricius, Sanford L. Braver, Kindra Deneau,Divorced Parents' Financial Support of Their Children's CollegeExpenses, 41 Family Ct. Rev. 224 (2003) (as of April 2003, 21 legislatures plus the District of Columbia have laws authorizing the payment of college expenses).
[8] The main opinion notes that Payne states that "`"[e]ducational expenses involve more than tuition and books; therefore, the trial court should also consider `"evidence on the reasonable necessaries[, including room and board,] for the child to attend college."' Thrasher [v. Wilburn, 574 So.2d 839, 841
(Ala.Civ.App. 1990)]."' 678 So.2d at 1121 (quoting Judge Thigpen's special writing concurring in the result in Finley v.Finley, 648 So.2d 588, 591 (Ala.Civ.App. 1994))."904 So.2d at 1285. That portion of Payne refers to this court's discussion of the financial resources of the parties and the daughter's access to $40,000 in funds.
 *Page 68