WRIGHT, Presiding Judge.
This matter began by the filing of a petition by State of Alabama, as assignee of Betty Jackson, against Fred Little. The petition was filed in the case of Hazel Little v. Fred Little. That case was an action for divorce in which a judgment for divorce and child support was entered in 1972 in the Circuit Court of Covington County, Alabama. The petition was filed on behalf of a non-party without motion or leave to intervene under Rule 24, ARCP. It alleged to be filed on behalf of the State of Alabama as assignee of Betty Jackson (a non-party) by a private law firm as attorney for the State. There was no showing of appointment or authority of counsel to represent the State of Alabama. Counsel was the same as represented the wife in the original divorce proceedings.
The petition averred that Betty Jackson is receiving public assistance funds from the State for the support of the minor child, Michael Little, and had assigned her right to collect child support for the child from defendant to the State. It also averred that the State had already paid the sum of $4,332 for the support of the child and was presently paying $59 per month for support. The petition as amended requested that the prior judgment in the case be modified to order support for the child from the father, and that he be ordered to pay to the State all sums paid or to be paid by the Department of Pensions and Security for support of his child, Michael.
Answer was filed and the petition was heard orally by the court. Judgment was thereafter entered holding that the State had no standing to enforce child support against defendant under the facts presented. The petition was therefore dismissed. The State appeals.
This action of intervention by the State into a divorce action was stated to be under authority of § 38, Chapt. 10, Code of Alabama (1975). That chapter is designated as the Child Support Act of 1979 (§ 38-10-1). The act authorizes the Department of Pensions and Security of the State of Alabama to operate child support programs, including establishing paternity and enforcing child support obligations. It grants to the department subrogation to the rights of children, recipients or custodians to collect or receive child support payments and to initiate support actions existing under the laws of Alabama if they are receiving aid to dependent children from the State.
The right to initiate an action for support arises upon payment of aid or application for payment to the Department of Pensions and Security. § 38-10-7. The act provides that payment of aid to or on behalf of a dependent child creates a debt due the Department by the parent or parents of the child, provided however, in cases in which a court has ordered child support incident to a divorce decree or any other order for child support, the debt is limited to the amount specified in such court decree or order. § 38-10-6, The act further creates a new and additional civil cause of action on behalf of any person who is owed a duty of support. Such action may be enforced in any court having non-support jurisdiction or jurisdiction over custody of children. § 38-10-10.
The evidence presented below disclosed that Hazel and Fred Little were divorced in 1972. The custody of three children was given to the mother. Child support in the amount of $60 per month was ordered. That order was enforced until 1975, when the amount was increased to $70 per month. In 1979 an agreed modification was entered by which defendant was ordered to pay the sum of $15 per week for the support of Wanda Sue Little. The other two children were not mentioned in that order; however, it was stated to supersede all prior orders.
The testimony revealed that Michael Little had been in the custody of and wholly dependent upon Betty Jackson, the sister-in-law of the mother, since shortly after his birth in 1972. He never received any benefit from the support paid by defendant to *946 his mother. Betty Jackson, for most of the time, had been receiving aid to dependent children from the Department of Pensions and Security for the benefit of Michael. The total received to trial had been $4,762.
The father testified that he had paid support as ordered by the divorce decree as modified. He didn’t know what the mother did with the money. He had remarried and had a sickly child from the last marriage. He is a roofer by trade and averages a weekly wage of $200. He says he is without funds to pay additional child support or to pay any accumulated debt therefor.
The issue presented is whether the trial court erred in finding the State lacked standing to prosecute this petition.
We are unable to determine from the record the basis of the finding of absence of standing. We have previously demonstrated that no plea to standing was filed by defendant. There appears no discussion of the issue in the record. There was no motion for intervention under Rule 24, ARCP. There appears no element for an intervention of right under Rule 24(a). If permissive intervention was available under Rule 24(b), there remains the necessity of timely and proper application and the exercise of the court’s discretion. Clearly, none of these matters were done.[1] We thus can only conclude the court’s dismissal of the petition did not rest on Rule 24. There would have been no purpose for a hearing of evidence upon the merits if such were the case.
We could conclude the court determined that, as declared by the statute, the attempt to collect the debt alleged to be due because of payment made for benefit of Michael and the effort to secure an order of support for him, is a new cause of action and must be brought as such rather than ancillary to a previous divorce action. The court may have determined that the provisions of § 38-10-6 apply, and that since there was a divorce decree to which defendant had been subject, that no debt had arisen. It may have determined that the new cause of action could not be applied retrospectively. However, we have none of those matters before us and do not decide their application.
There is, without question, the right under the statute for the state to prosecute a separate and independent action in any court in Covington County to the same end. §§ 38-10-7 to 11. That right remains. For that reason we will affirm.
As we are not privy to the court’s reason for dismissal, we do not find error because we conclude its judgment to be without error, whatever its reason. City of Montgomery v. Couturier, 373 So.2d 625 (Ala. 1979); Hardee v. Hardee, 265 Ala. 669, 93 So.2d 127 (1957).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. We would comment that intervention by the State in a personal action for divorce does not appear desirable or appropriate.