ON REHEARING
This court's original opinion dated June 12, 1985, is withdrawn and the following is substituted therefor:
This child support contempt proceeding presents questions regarding the scope of the authority given to the Alabama Department of Pensions and Security (D.P.S.) to enforce and collect child support under the Child Support Act of 1979 (Act), §§ 38-10-1 through -11, Ala. Code (1975).
D.P.S. sought to intervene based upon the Act in a contempt proceeding brought by Mrs. Wilson due to her former husband's failure to make child support payments. The trial court denied the motion. We reverse.
On January 18, 1983, Mrs. Wilson made her written application to the Alabama Department *Page 196 
of Pensions and Security (D.P.S.) for child support services as to the establishment, collection, and enforcement of support for two minor children. She assigned her child support rights to the State of Alabama in that same document.
Mr. and Mrs. Wilson were not divorced until December 9, 1983. The divorce decree ordered Mr. Wilson to pay specified child support to her.
D.P.S. and Mrs. Wilson, who is now Mrs. Collins, on October 31, 1984, jointly filed a petition in the former divorce case. They alleged that Mr. Wilson was delinquent in his child support payments and sought an adjudication that he was in contempt of court. D.P.S. also simultaneously filed with the contempt petition a motion to intervene in the action for the purpose of joining Mrs. Wilson in the prosecution of her claim.
D.P.S. asserts that it is entitled to intervene in the contempt proceeding as a matter of right under Rule 24 (a) of the Alabama Rules of Civil Procedure. The trial court found that D.P.S. had no such right because it had paid no money to Mrs. Wilson at any time subsequent to the issuance of the decree of divorce and because Mrs. Wilson's assignment of her right to child support preceded the divorce decree. We disagree with the learned trial judge.
Under Rule 24 (a), A.R.Civ.P., "anyone" may intervene as a matter of right under either of two sets of circumstances:
 "(1) [W]hen a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
D.P.S. claims that the Act, particularly § 38-10-7, Ala. Code (1975), authorizes it to intervene in cases such as the present one to enforce and collect child support. It, therefore, claims that it is entitled to intervene under Rule 24 (a)(1), A.R.Civ.P.
The Act authorizes D.P.S. to operate child support programs which include the establishment of paternity and the enforcement of child support. Under § 38-10-7, Ala. Code (1975), upon application to D.P.S. for child support assistance, D.P.S. may take "appropriate action . . . to assure that the responsible person or persons owing the obligation of support provide support to such child, including, but not limited to, civil or criminal actions to determine paternity and to enforce support obligations."
Although the language of § 38-10-7 is quite broad, neither it nor any other provision of the Act appears to specifically grant to D.P.S. the unconditional right to intervene in a case such as the present one. Intervention is, in fact, not mentioned in the Act.
We are aware of no Alabama decision in which a party has been allowed to intervene based upon Rule 24 (a)(1) where a statute did not specifically grant to the party the unconditional right to intervene. We note that under the federal counterpart to Rule 24 (a)(1), which is virtually identical to the Alabama rule, federal courts have been reluctant to recognize an unconditional right to intervene, absent direct statutory authorization. See 7A C. Wright A. Miller, Federal Practiceand Procedure § 1906 (1972).
Accordingly, we find that D.P.S. does not have a right to intervene under Rule 24 (a)(1), A.R.Civ.P.
To intervene in a proceeding under Rule 24 (a)(2), the intervenor must have a direct, substantial, and legally protectable interest in the proceeding. United States v. PerryCounty Board of Education, 567 F.2d 277 (5th Cir. 1978). There is no "clear-cut test" to determine if such an interest exists. Rather, courts should use a flexible approach, which focuses on the circumstances of each application for intervention. PerryCounty Board of Education, 567 F.2d at 279. *Page 197 
In this case Mrs. Wilson had assigned her child support rights to D.P.S. As assignee, D.P.S. surely had an interest in collecting those support payments, which were the primary subject of the contempt proceeding.
The trial court's emphasis upon the fact that D.P.S. had not yet made aid payments to Mrs. Wilson and that her assignment to D.P.S. of her support rights preceded the divorce is misplaced. The right of an assignee of property or another interest to take steps to protect that property or interest is well recognized in this state. The right of D.P.S., as the assignee of child support, to take steps to collect that support is specifically recognized by the Act. See § 38-10-4, Ala. Code (1975). We find that D.P.S. had an interest in the collection of the support payments from Mr. Wilson which were the subject of the contempt action and which D.P.S. was entitled to protect within the meaning of Rule 24 (a)(2).
It is doubtful, moreover, whether D.P.S.'s interest in collecting the support could be adequately represented in a case such as the present one if it is not allowed to intervene. Mrs. Wilson, having assigned to D.P.S. all of her right to receive child support from Mr. Wilson, has little incentive to force him to make support payments to D.P.S. It does not appear from the record that Mrs. Wilson was even represented by her own counsel.
We must adopt an approach to Rule 24 (a)(2) which measures the right to intervene "by a practical rather than a technical yardstick." Perry County Board of Education, 567 F.2d at 279 (quoting United States v. Allegheny-Ludlum Industries, Inc.,517 F.2d 826, 841 (5th Cir. 1975), cert. denied, 425 U.S. 944,96 S.Ct. 1684, 48 L.Ed.2d 187 (1976)). Under such an approach, the right of D.P.S. to intervene in a case such as this is readily apparent. The Alabama legislature intended that the Act be construed broadly to effectuate its purpose of having parents, rather than the state, support their children. Ala. Code (1975), § 38-10-11. To this end, D.P.S. may initiate an action to enforce and collect support or, where appropriate, intervene in an existing action for the collection of support.
This court has previously stated in a divorce case in which child support was an issue that "[t]here appears no element for an intervention of right [by D.P.S.] under Rule 24 (a)." Statev. Little, 389 So.2d 944, 946 (Ala.Civ.App. 1980). This statement is dicta, however, as no motion to intervene was filed in Little. Moreover, in making this statement, this court did not intend that D.P.S. may never have a right to intervene under Rule 24 (a) in a suit to enforce or collect child support payments. It clearly has such a right to intervene in the present case.
The appellant having presented no argument to the court concerning any possible right to proceed under either Rule 24 (b) or 17 (a), A.R.Civ.P., we give no opinion as to such possible rights.
This case is reversed and remanded.
APPLICATION FOR REHEARING GRANTED.
OPINION SUBSTITUTED.
REVERSED AND REMANDED.
All the Judges concur.