722 P.2d 996

**Brenda MASON, Petitioner/Appellee,**

v.

**Stanley MASON, Respondent/Appellant.**

**No. 2 CA–CIV 5818.**

Court of Appeals of Arizona,
Division 2, Department A.

·July 16, 1986.

John Verkamp, Coconino County Atty. by Jane A. Juarez, Flagstaff, for petitioner/appellee.

Coconino County Legal Aid by Susan Slasor, Flagstaff, for respondent/appellant.

## OPINION

HOWARD, Presiding Judge.

This is an action brought under the Uniform Reciprocal Enforcement of Support Act (URESA), A.R.S. §§ 12–1651, et seq., wherein the State of Alabama sought reimbursement for Aid For Dependent Children payments made to appellant's wife while the parties were living separate and apart. After a hearing, the trial court ordered appellant to pay $75 per month until Alabama was reimbursed.

Appellant contends that the trial court had no jurisdiction under URESA to enter an award for funds expended by Alabama for support of the minor children and, even if such sums can be reimbursed, there can be no reimbursement in the absence of a support order. We do not agree.

A.R.S. § 12–1657 provides:

"If a state or a political subdivision furnishes support to an individual obligee, it has the same right to initiate a proceeding under this article as the individual obligee for the purpose of securing reimbursement for support furnished and of obtaining continuing support."

An "obligee" is defined under A.R.S. § 12–1651(7) as, inter alia, a person to whom a duty of support is owed. Pursuant to A.R.S. § 12–1656 we looked at the law of Alabama to decide whether or not a duty was owed by appellant to his minor children. Under the Alabama Child Support Act, Ala.Code §§ 38–10–1 to 38–10–11, and under its case law, see *Reach v. Reach,* 378 So.2d 1115 (Ala.Civ.App.1979), appellant had a duty to support his children in Alabama.

Appellant's contention that there had to be a support order prior to Alabama's having any right to initiate a URESA proceeding is without merit. Alabama has held that the state has the right to obtain reimbursement for monies expended on behalf of spouses and children even absent a divorce or support order. *State ex rel. Wilson v. Wilson,* 475 So.2d 194 (Ala.Civ.App. 1985).

Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.