On January 17, 1986 the State Department of Pensions and Security (now Department of Human Resources — DHR) joined with Patsy Ree Johns to obtain over-due child support from Edgar Lee Johns, Jr.
Patsy Ree Johns and Edgar Lee Johns, Jr. were divorced April 1977 and the court ordered Edgar Lee to pay child support in the amount of $25 per week.
The petitioners, DHR and Patsy Ree Johns, sought to have Edgar Lee Johns held in contempt for failure to pay child support. It was alleged and proved without dispute that Edgar Lee had not paid any child support and was $11,424.55 in arrears.
After a hearing the trial court ordered Edgar Lee to start paying $25.00 a week child support but dismissed the contempt request because "said State of Alabama failed to prove the amount of child support it paid to the original Plaintiff and the Court can make no finding as to the amount which the State of Alabama should recover of the Defendant." DHR's post trial motion was denied and an appeal was perfected to this court.
In brief here, DHR argues that the trial court erred in dismissing its petition for contempt. It says that the amount it paid to Patsy Johns was irrelevant; that when it has paid benefits to a recipient and that recipient has assigned her rights to DHR the department can, under the law, recover from the father the amount of child support previously ordered in a child support decree. See, § 38-10-6, Code 1975. Edgar Lee Johns did not file a brief.
The Child Support Act of 1979, codified as sections 38-10-1
through -11, Code 1975, provides that recipients of aid to families with dependent children are deemed to have assigned to DHR the right to any child support owed to or for any child up to the amount of aid paid by DHR. The DHR is given the right to collect and receive all child support payments due to the custodian of the child. See § 38-10-4, Code 1975. It also is provided in said act that where child support has been ordered by a court incident to a divorce decree the debt shall be limited to the amount specified in the court decree. The liability for such debt to *Page 1161 
DHR shall apply only to the support payments made during the period when aid was granted to the recipient. § 38-10-6, Code 1975.
After an assignment has been made, child support collections shall be paid directly to DHR and it will make distribution according to the Social Security Act and amendments thereto. § 38-10-8, Code 1975.
The legislature through the provisions of the Child Support Act has given DHR the authority to take appropriate action to assure that a person owing the obligation of child support provides that support. To enable it to carry out this duty, DHR has been authorized by the legislature to collect all child support payments due and to make proper distribution of those payments. The act clearly provides that DHR can retain only that amount necessary to satisfy the debt incurred by the recipient of aid from DHR. In other words, DHR can only retain an amount from the child support collections sufficient to repay it for the benefits it has given the recipient. The balance, if any, will be paid to the child's custodian. Whether DHR retains more than its share of the child support collections would be a matter between DHR and the custodian-recipient. Consequently, the amount paid by DHR to a recipient of aid would not be a concern of the person obligated to pay child support. Therefore, the trial court was in error in dismissing the contempt petition on the ground that DHR had not proved how much was owed to it by Patsy Johns, the recipient of aid to dependent families. The amount owed to DHR by Patsy Johns in this proceeding is irrelevant.
The initial issue before the trial court on the contempt petition was whether Edgar Johns was in arrears in child support and, if so, for how much. The evidence was undisputed that Edgar had never made a child support payment and that the arrearage was $10,341.55, which was the original amount of the arrearage of $11,424.55 less $1,083.00 which was withheld from Edgar's income tax refund. Should the court find that Edgar was in arrears, then it would have to decide if he had contemptuously refused to pay the child support.
The trial court failed to reach the first stage of the contempt proceeding, i.e. whether there was an arrearage, because it determined that DHR had failed to prove how much was owed to it by Patsy Johns.
For the error noted above, that aspect of the judgment dismissing the contempt petition is reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.