ROBERTSON, Judge.
This is a paternity case.
This is the second time this case has been appealed to this court. The first appeal was dismissed as premature because there was no child support award making the judgment final to support an appeal. Hardy v. State, 541 So.2d 566 (Ala.Civ.App.1989).
Patricia Chambers, mother of Ebony M. Chambers, born July 20, 1984, filed a complaint for paternity and child support in juvenile court on November 5, 1985, alleging that Jimmy Lee Hardy was the child’s father. After a juvenile court determination of paternity, Hardy appealed to circuit court, requesting a jury trial. After a jury finding that Hardy was the father, the trial court entered an order establishing paternity. The appeal following that order was dismissed. The trial court then entered a support order on July 14, 1989. This appeal followed.
On appeal, Hardy raises two issues: (1) whether the trial court erred by admitting into evidence the results of a second blood test that Hardy claims conflicted with the first blood test, and (2) whether the trial court erred in not allowing Hardy the opportunity to show a third party to the jury for the purpose of showing a resemblance to the child.
Hardy first contends that the trial court erred in admitting into evidence the results of a second blood test. He argues that the tests were conflicting. This argument is without merit. The record reveals that Hardy’s first blood test results showed a 99.50% probability of paternity, and the subsequent test by a different lab established a 99.74% probability. Our careful review of the record reveals that Hardy’s only objection at trial to the admission of any blood tests was on the grounds of improper foundation, which the trial court properly overruled. The record is completely devoid of any other objections on this subject that would preserve this issue for our review. State v. Holloway, 293 Ala. 543, 307 So.2d 13 (1975).
Hardy next contends that the trial court erred by not allowing him to present to the jury, for comparison to the child, a third party who had been excluded as the possible father by blood tests. The record does not indicate that Hardy requested a comparison during the presentation of his case at trial. Appellate review is limited to the record and cannot be altered by statements in briefs. We cannot review issues raised for the first time on appeal. Bechtel v. Crown Central Petroleum Corp., 451 So.2d 793 (Ala.1984).
We conclude that the judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.