RUSSELL, Judge.
This is an appeal from a final judgment dismissing a contempt and modification action instituted by the State of Alabama on behalf of the mother, Charlotte A. Harris. We affirm.
The parties were divorced on October 31, 1975, in the Circuit Court of Madison County, and the father was ordered to pay child support for the two minor children of the parties, both of whom are now over the age of majority. On August 21, 1979, the mother was held in contempt for refusing to allow the father his visitation rights and in November 1980 removed Kim Anthony Harris (child) to Germany. The father has not seen his son since 1980. On October 17, 1980, the father, on the advice of counsel, stopped paying child support for the child, as he was born on October 17, 1961, and had reached the age of majority.
The child is receiving support enforcement services from the State of Alabama, pursuant to the Child Support Act of 1979, §§ 38-10-1 through -33, Ala.Code 1975 (Cum.Supp.1989), pursuant to which the mother, Charlotte Harris, assigned her support rights to the State of Alabama. The State claims that the child, who is now twenty-eight years old, is a “mongoloid child” and is totally incapable of self-support.
The dispositive issue is whether the trial court erred in determining that the mother had no support rights to assign to the State of Alabama.
Inasmuch as the State claims authority from the Child Support Act of 1979 (in particular, Ala.Code 1975, §§ 38-10-3(a) and -7), we find the following section of that act pertinent in this case. Section 38-10-2(a)(3) (emphasis supplied) defines support as used in Title 38 as follows: “Support of a minor child and spousal support when such spousal support is incidental to child support as required by Title IV-D of the Social Security Act.”
First, we recognize that the case of Reynolds v. Reynolds, 274 Ala. 477, 149 So.2d 770 (1961), referencing Murrah v. Bailes, 255 Ala. 178, 50 So.2d 735 (1951), held that the term “children” as used in Ala.Code 1975, § 30-3-1, applied only to minor children. Then, Ex parte Brewington, 445 So.2d 294, 296 (Ala.1983), set a new standard of support for adult children who are dependent “from physical and/or mental disabilities that continue to render them incapable of self-support beyond minority.” In Brewington, the court found that the statute did not express a legislative intent that there be a limitation to minor children and rejected the narrow interpretation in Reynolds.
More recently, the Supreme Court of Alabama in Ex parte Bayliss, 550 So.2d 986 (Ala.1989), expanded the duty of support beyond Brewington to include a college education exception and found that jurisdiction of a court to grant post-minority support for college education derives from the absence of restrictive language in *68 Ala. Code 1975, § 30-3-1 (the absence of the word “minor”).
We find that, just as the absence of the word “minor” in § 30-3-1 had allowed the Brewington and Bayliss exceptions to child support after the age of majority, the presence of the word “minor” in § 38-10-2(a)(3) is restrictive language and does not allow collection of post-minority support by the State. Therefore, under the instant facts, dismissal was proper, and the trial court is due to be affirmed.
Because this issue is dispositive of the appeal, we pretermit a discussion of other issues presented.
AFFIRMED.
INGRAM, P.J., concurs.
ROBERTSON, J., concurs in result only.