This appeal involves post-divorce proceedings. Pursuant to the divorce decree, James Blackston, the husband, was ordered to pay $600 per month in child support to Myra Blackston, the wife, for the support of the parties' minor children. The decree also provided that the child support payments were to be paid through the office of the circuit court clerk of Walker County.
On October 25, 1989, the husband filed a motion requesting the circuit court to enforce the parties' divorce decree. Specifically, he alleged that he had received notice from the clerk's office of Walker County directing him to make his child support payments through the Walker County Department of Human Resources (department), rather than the clerk's office.
The husband asserted that the notice he received concerning payment of his child support obligation was ineffective in that it attempted to modify the parties' divorce decree without affording the husband proper notice, as guaranteed by the Constitution, the Constitution of Alabama, and the Alabama Rules of Civil Procedure. He further asserted that the new method of payment imposed a hardship upon him and requested that the divorce decree be enforced as originally entered.
The State responded to the husband's motion, alleging that the wife had executed an application for child support services with the department and that she had also assigned her right to collect support to the department.
Both parties filed briefs in support of their respective positions and, on September 27, 1990, the trial court entered its order, which contained the following findings:
 "Title IV-D of the Social Security Act, 42 U.S.C. § 651, et seq., provides for state plans for child support and sets forth the requirements of the state plan. *Page 59 
The Alabama Child Support Act of 1979, §§ 38-10-1, et seq., Code of Alabama 1975, was enacted pursuant to the federal statute, and the Department of Human Resources was designated to operate child support programs as may be required under the provisions of Title IV-D.
 "Section 38-10-3(a), Code of Alabama 1975, provides that 'the Department of Human Resources of the State of Alabama shall operate child support programs as may be required under provisions of Title IV-D, including, but not limited to, locating absent parents, establishing paternity, establishing or modifying support orders, enforcing support obligations and related matters, as described or defined by the Social Security Act and amendments hereto.' Accordingly, the Alabama legislature has explicitly adopted and incorporated the requirements of the Social Security Act into the Child Support Act of 1979. § 38-10-2(a)(8), Code of Alabama, 1975.
 "Both the federal and state acts [provide] for automatic assignment of support rights to the state where an individual receives Aid to Dependent Children (ADC) or Aid to Families with Dependent Children (AFDC). 42 U.S.C. § 602(a)(26); 45 C.F.R. § 232.11-12; § 38-10-6, Code of Alabama
1975.
 "The Social Security Act also requires that state plans shall provide that 'child support collection or paternity determination services established under the plan shall be made available to any individual not otherwise eligible for such services upon application filed by such individual with the state, including support collection services for the spouse (or former spouse) with whom the absent parent's child is living . . .' 42 U.S.C. § 654(6); C.F.R. § 302.33. As part of the application for non-ADC services, the state IV-D agency (DHR) 'may take an assignment of support rights from an individual', 45 C.F.R. § 302.33(e), although the assignment is not a condition of eligibility of services, and, the state, as of October 1, 1985, 'may have in effect and use procedures for the payment of support through the state IV-D agency (DHR) or entity designated by the state to administer the states' withholding system (DHR) (§ 38-10-3(b), Code of Alabama 1975) upon the request of either parent, regardless of whether or not arrearages exist or withholding procedures have been instituted.' 45 C.F.R. § 302.57(a).
 "Accordingly, an assignment of support rights in non-ADC cases is permissible under Title IV-D, whether or not arrearages exist, upon application to the state IV-D agency (DHR) by either parent, and the same right is implicitly if not explicitly incorporated into the state act, pursuant to § 38-10-3(a) and (b), Code of Alabama, 1975, and that the Department of Human Resources is the proper collection agent when there has been an assignment of rights or application for Title IV-D services. § 38-10-3(b), Code of Alabama 1975, 45 C.F.R. § 302.57(a).
 "The court further finds that plaintiff's [wife's] assignment of rights does not constitute a modification of the divorce decree as it does not introduce any new elements or details to the divorce decree, i.e., defendant [husband] was already under an obligation to pay support, only the collection agent has been changed, as permitted by law. The general purpose and effect of the support remains intact. If it can be said that the change of collection agent constitutes introduction of a new element, the court finds the change to be de minimis.
 "The court finds due process in the case of an assignment requires only that notice be given to the obligor. Defendant [husband] was given notice by the circuit clerk. Therefore, the court finds no violation of defendant's [husband's] constitutional rights."
In short, the trial court correctly found that the wife had properly assigned her right to collect support to the department, that the change in who collected the child support did not result in a modification of the divorce decree, and that the husband had been afforded due process. *Page 60 
We also note that the husband asserts several other issues on appeal that were not presented to the trial court. Appellate review is limited to the record, and we cannot review issues raised for the first time on appeal. Hardy v. State ex rel.Chambers, 559 So.2d 63 (Ala.Civ.App. 1990).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.