RUSSELL, Judge.
The State of Alabama filed a modification petition on behalf of Carolyn Bivins (mother), requesting post-minority educational support for Adrienne M. Bivins (child). The trial court denied the petition, and the state appeals. We reverse and remand.
The petition was filed two days before the child’s nineteenth birthday and asked that James R. Bivins III (father) be required to continue support until the child turns age twenty-one, if the child remains enrolled in school. The child is presently enrolled in a junior college and works between thirty and forty hours per week. She desires to transfer to a four-year coi-lege as soon as possible.
The trial court in its order found in pertinent part as follows:
“The child ... is attending a local two-year college and has a ‘B’ average. Last year, she was accepted at a four-year university but chose instead to attend the local two-year college for financial reasons. In addition to attending school, she works part time at McDonald's. [The child’s] goal is to obtain a degree in education. Based on her testimony and the testimony of her mother, the court finds that she has the commitment to and aptitude for the college education which she seeks. Her father ... is the beneficiary of a college education.... His gross earnings for the calendar year 1989 were $53,618.78. He recently purchased a new home and owns four auto-.mobiles_ Clearly, [the father] has the financial resources to provide a college education for [the child]. Moreover, he testified that he w;as paying some of the college expenses of another daughter, not of this marriage, who attends UCLA. Based on the factors enunciated in Ex parte Bayliss, 550 So.2d 986 ([Ala.] 1989), [the father] should be required to provide postminority support for [the child’s] college education.
“However, since this petition was brought by the State of Alabama on behalf of [the mother], this case must be examined in light of the Child Support Act of 1979, §§ 38-10-1 through -33, Ala.Code 1975, from which the State derives its authority to collect child support in such cases.... The dispositive issue in this case is whether the State can bring an action for postminority support for a college education....
*288 “Based on the holding in State ex rel. Harris v. Harris, [559 So.2d 66 (Ala.Civ.App.1990)], this court does not believe that it can grant the relief requested by the State of Alabama. Had the mother pursued the modification under the authority of § 30-3-1, Ala.Code 1975, there would be no doubt that the father could be required to pay postminority support for the child’s college education. However, due to the manner in which this case was brought before the court by the State of Alabama under the Child Support Act of 1979, the court must reluctantly deny the otherwise meritorious petition for modification.”
The state contends that the mother is not barred from receiving post-minority education support from the father for the child because the state filed the request during the child’s minority. It claims that Harris is distinguishable from the present case and is not relevant because the child in Harris was a handicapped child well over the age of majority. In that case this court determined that the action was barred by the definition of support contained in § 38-10-2(a)(3), which refers to “support of a minor child.”
It also claims that, pursuant to § 38-10-3(a), the state may file actions on behalf of minor children to modify support orders and further claims that, because the state filed the petition during the child’s minority, the only time pursuant to Ex parte Bayliss, 550 So.2d 986 (Ala.1989), and Ex parte Barnard, 581 So.2d 489 (Ala.1991), that an action for post-minority educational support can be filed, the trial court’s jurisdiction was properly invoked. It states that a multiplicity of actions would result from requiring a separate action by parents during a child’s minority to establish post-minority educational support while the state is also providing services to those families receiving aid to families with dependent children, as well as support services to those not receiving such aid.
The father agrees that the state has the right to file for a modification during the child’s minority. However, because the collection of post-minority support by the state is prohibited (see Harris, 559 So.2d 66), he argues that a modification of support could have been allowed for only two days, until the child’s nineteenth birthday. He further states that the state can file post-minority support petitions on behalf of its clients, but that it cannot seek to collect the payments. We agree. However, we do not agree with the father’s argument that, because the state did not request an alternative collection of support payments, the petition should be denied.
Although the state cannot collect or enforce the post-minority support and did not request an alternative collection of the support payments, the trial court is not bound by the relief requested in the petition, but can grant relief as appropriate based on the facts proven. Rule 54(c), Alabama Rules of Civil Procedure; Hastings v. Hancock, 576 So.2d 666 (Ala.Civ.App.1991). Therefore, because the petition was filed during the child’s minority and was within the authority of the state, we hold that, if the trial court determines that the evidence indicates that post-minority educational support should be paid, it has the authority to order the payments to be collected by proper parties in interest other than the state.
The judgment is reversed and the cause remanded, with instructions for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.