The State Department of Human Resources (DHR) appeals from the trial court's denial of its petition to intervene in a divorce proceeding pursuant to Rule 24(a)(2), Ala.R.Civ.P. We reverse.
Adria Elaine Tenner (wife) filed a complaint in the Jefferson County Circuit Court, seeking a divorce from Cedric Bernard Tenner (husband), and requesting that she be awarded custody of the parties' two minor children and be awarded child support. The wife also filed an "affidavit of substantial hardship" stating that she was receiving $194 from the Aid to Dependent Children (ADC) program and $356 in food stamps, and requesting that the filing fees be waived. The request was granted. The husband filed an answer admitting that both parties were over age 19, and that the parties were married in August 1989, and separated in September 1992. However, the husband denied the wife's allegation that he was the father of the two minor children born on November 30, 1989 and January 7, 1994.
Subsequently, DHR filed a motion to intervene, contending that it had a right to intervene in this divorce action under Rule 24(a)(2), Ala.R.Civ.P., because, it argued, it had an interest relating to the child support rights, which had been assigned to DHR by the wife as a condition of her receiving ADC and which were a subject of the divorce action. The trial court denied the motion to intervene.
The issue on appeal is whether DHR has a right, pursuant to Rule 24(a)(2), to intervene in this divorce proceeding. Rule 24(a)(2) provides that anyone may intervene as a matter of right
 "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
Therefore, "[t]o intervene in a proceeding under Rule 24(a)(2), [DHR] must have a direct, substantial, and legally protectable interest in the proceeding." State ex rel. Wilson v. Wilson,475 So.2d 194, 196 (Ala.Civ.App. 1985). Because there is no "clear cut test" for determining whether such an interest exists, "courts should use a flexible approach which focuses on the circumstances of each application for intervention."Wilson, 475 So.2d at 196.
Section 38-10-3(a) authorizes DHR to locate absent parents, to establish paternity, to establish or modify support orders, and to enforce support obligations. Section 38-10-5, Ala. Code 1975, provides
 "as a condition of eligibility for aid, each recipient of aid to families with dependent children shall have assigned to the department by operation of law any rights to support from any other person which such recipient may have in his own behalf or in behalf of any other family member for whom the recipient is receiving aid. . . . Such assignment shall make the department assignee of and to the right of such child or recipient or the person having custody to collect and receive all support payments and to initiate any support action existing now or in the future under the laws of Alabama. . . ."
Under § 38-10-7, DHR has the right to bring a separate action in order to establish paternity or to enforce any child support ordered to be paid by the husband.
We find that DHR has a direct and substantial interest in this divorce proceeding because DHR has paid the wife approximately $1,064 in ADC. We also find that DHR has a legally protectable interest because, pursuant to § 38-10-5, DHR was assigned the right to collect and receive all support payments and to initiate any support action. *Page 840 
In addition to finding that DHR has a direct, substantial, and legally protectable interest in the divorce proceeding, we also find that said interest cannot be adequately represented by the existing parties. DHR's interest in this divorce proceeding is to determine paternity and to enforce any court ordered support. This interest is separate and apart from the wife's interest in obtaining a divorce, and the husband's interest in denying paternity.
In State v. Little, 389 So.2d 944 (Ala.Civ.App. 1980), this court stated that there appears no element for an intervention of right by DHR under Rule 24(a) in divorce proceedings and, by footnote, commented "that intervention by the State in a personal action for divorce does not appear desirable or appropriate." Id. at 946, n. 1. However, in Wilson, supra, this court noted that the above statement in Little was dicta because no motion to intervene had been filed by DHR and that in making the statement, "this court did not intend that [DHR] may never have a right to intervene under Rule 24(a) in a suit to enforce or collect child support payments." Wilson, 475 So.2d at 197. This court also noted that the legislature intended that §§ 38-10-1 through -11 "be construed broadly to effectuate its purpose of having parents, rather than the state, support their children." Id.
Based upon the unique facts regarding DHR's application for intervention, we hold that DHR has the right to intervene[1] in this divorce action. To hold otherwise would require DHR to file a separate action in order to determine paternity and to collect the ADC child support payments already paid by DHR to the wife. Such an outcome not only requires a multiplicity of actions, but also creates a risk for inconsistent verdicts regarding paternity and/or child support.
The judgment of the trial court, denying DHR's motion to intervene, is hereby reversed, and the cause is remanded for the entry of a judgment granting DHR's motion to intervene. Upon remand, since the husband has denied paternity, we direct the trial court to appoint a guardian ad litem for the minor children so that all issues can be properly litigated. Ex parteMartin, 565 So.2d 1 (Ala. 1989). See also Tierce v. Ellis,624 So.2d 553 (Ala. 1993); State ex rel. T.G. v. B.L.J.,627 So.2d 449 (Ala.Civ.App. 1993); Powers v. State, 622 So.2d 400
(Ala.Civ.App. 1993); H.O. v. C.S., 586 So.2d 23
(Ala.Civ.App. 1991).
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN, YATES, MONROE, and CRAWLEY, JJ., concur.
[1] This opinion is limited to the facts in this case and should not be interpreted as giving DHR the right to initiate divorce actions.