CRAWLEY, Judge.
M.A.J. is the mother of five children. M.G. has been judicially determined to be the father of two of those children and had been ordered to pay $391 per month in child support. M.A.J. and M.G. have never been married. The mother has received aid to dependent children (ADC) off and on for several years. The amount of ADC she receives each month reflects payments for two children fathered by M.G., as well as for three children fathered by other men.
In 1994, the mother learned that the father was about to receive a lump sum disability benefit from Prudential Insurance Company. Seeking to recover past-due child support from the father, the mother filed garnish *406 ments against the funds held by Prudential for the father. The garnishee paid a total of $28,143.25 into court. The mother filed a motion to condemn and disburse the garnished funds to her. DHR filed a motion to stay and a motion to prevent the court from disbursing the funds to the mother. Alleging that it was a party to the action because the mother had assigned her right to child support to the State of Alabama, DHR claimed that the funds the mother was attempting to recover were due to the State by virtue of that assignment.
After a hearing, the trial court determined that DHR had not proven that it was entitled' to the funds, and it granted the mother’s motion to condemn and disburse to her the entire $28,143.25. DHR appeals; we reverse.
By virtue of prior paternity and support judgments, the mother has a legal right to receive child support from the father. Pursuant to § 38-10-5, Ala.Code 1975 (a part of the Child Support Act of 1979 (the Act)), the mother has assigned to DHR her right to receive support from the father. Section 38-10-5 provides, in pertinent part:
“[A]s a condition of eligibility for aid, each recipient of aid to families with dependent children shall have assigned to the department by operation of law any rights to support from any other person which such recipient may have in his own behalf or in behalf of any other family member for whom the recipient is receiving aid....”
Section 38-10-4, Ala.Code 1975, provides:
“As a condition of eligibility for aid, each recipient of aid to families with dependent children shall be deemed, by accepting aid, to have made an assignment to the department of the right to any support owed up to the amount of aid paid by the department to the recipient in her own behalf or in behalf of any other person for whom the recipient is receiving aid.
“The department shall be subrogated to the right of such child or recipients or the person having custody to collect and receive all child support payments and to initiate any support action existing now or in the future under the laws of Alabama.”
(Emphasis added.)
According to another provision of the Act, every time DHR makes an ADC payment to the mother, that payment “creates a debt due and owing to the department by the parent or parents.” Ala.Code 1975, § 38-10-6. See State v. Little, 389 So.2d 944, 945 (Ala.Civ.App.1980). The legislature has clearly spelled out its intent that the Act should “be construed and administered to the end that children shall be maintained from the resources of the responsible parents.” Ala.Code 1975, § 38-10-11. See State, ex rel. Wilson v. Wilson, 475 So.2d 194, 197 (Ala.Civ. App.1985).
Sections 38-10-4 and -5 make it clear that the mother has assigned to DHR her right to support from the father and that the mother owes a debt to DHR for the ADC payments provided to her. Section 38-10 — 4 makes it equally clear, however, that the assignment — and the debt — extend only so far as “the amount of aid paid by the department to the [mother].” Section 38-10-5 echoes the same theme, by providing that “[s]uch assignment to the department of the rights to any support owed up to the amount of aid paid by the department to the recipient shall conform with the requirements of the Social Security Act and amendments thereto.” (Emphasis added.)
At trial, the mother testified that the father was in arrears in court-ordered child support in the amount of $29,108.25. The mother admitted that she had received ADC payments from DHR for a number of years, but she did not testify as to the total amount of those payments. Although it was given the opportunity, DHR presented no evidence of the amount of aid it had paid to the mother. It did present evidence that, on September 9, 1991, it had obtained a judgment against the father for “ADC arrears” in the amount of $5,185. In its brief on appeal, DHR concedes that “the amount of the benefits [the mother] received is not included in the Record on Appeal.” Brief of Appellant at 18. Under the circumstances, DHR simply did not establish that it was entitled to more than $5,185 of the garnished .funds.
*407 In Johns v. Johns, 500 So.2d 1160 (Ala.Civ. App.1986), DHR joined an ex-wife in a contempt action to recover past-due child support from an ex-husband. The trial court dismissed the contempt action because, it held, DHR had “failed to prove the amount of child support it paid to the [ex-wife] and the court can make no finding as to the amount which the State of Alabama should recover of the [ex-husband].” 500 So.2d at 1160.
On appeal, DHR successfully argued that the contempt action was erroneously dismissed because the amount it had paid to the ex-wife was irrelevant in a proceeding against the ex-husband. Contending that the ex-wife had assigned her support rights to the State, DHR maintained that it could recover from the ex-husband the full amount of child support previously ordered. This court agreed. Judge Bradley, writing for the court, explained:
“The Child Support Act of 1979, codified as sections 38-10-1 through -11, Code 1975, provides that recipients of aid to families with dependent children are deemed to have assigned to DHR the right to any child support owed to or for any child up to the amount of aid paid by DHR. The DHR is given the right to collect and receive all child support payments due to the custodian of the child. See § 38-10-4, Code 1975. It also is provided in said act that where child support has been ordered by a court incident to a divorce decree the debt shall be limited to the amount specified in the court decree. The liability for such debt to DHR shall apply only to the support payments made dining the period when aid was granted to the recipient. § 38-10-6, Code 1975.
“After an assignment has been made, child support collections shall be paid directly to DHR and it will make distribution according to the Social Security Act and amendments thereto. § 38-10-8, Code 1975.
“The legislature through the provisions of the Child Support Act has given DHR the authority to take appropriate action to assure that a person owing the obligation of child support provides that support. To enable it to carry out this duty, DHR has been authorized by the legislature to collect all child support payments due and to make proper distribution of those payments. The act dearly provides that DHR can retain only that amount necessary to satisfy the debt incurred by the recipient of aid from DHR. In other words, DHR can only retain an amount from the child support collections sufficient to repay it for the benefits it has given the recipient. The balance, if any, will be paid to the child’s custodian. Whether DHR retains more than its share of the child support collections would be a matter between DHR and the custodian-recipient. Consequently, the amount paid by DHR to a recipient of aid would not be a concern of the person obligated to pay child support. Therefore, the trial court was in error in dismissing the contempt petition on the ground that DHR had not proved how much was owed to it by [the ex-wife], the recipient of aid to dependent families. The amount owed to DHR by [the ex-wife] in this proceeding is irrelevant.”
Johns v. Johns, 500 So.2d at 1160-61 (emphasis added).
On this appeal, DHR argues that Johns is controlling and that the amount of ADC payments it made to M.A.J. is, likewise, irrelevant. We do not agree. Unlike Johns, DHR’s dispute in this ease was with the recipient-mother, not with the obligor-father. This proceeding was, as the Johns court put it, “a matter between DHR and the custodian-recipient,” 500 So.2d at 1161, and in order to receive any of the garnished funds, DHR was required to prove the amount of ADC it had paid to the mother. It simply failed to do that.
DHR argues that because it, not the mother, is the designated collection agent for child support payments in ADC cases, it was entitled to receive all of the garnished funds and then to distribute to the mother her share. DHR is correct that, “pursuant to § 38-10-5, DHR [has] the right to collect and receive all support payments and to initiate any support action.” State ex rel. Tenner v. Tenner, 668 So.2d 838, 839 (Ala.Civ.App.1995). “[T]he Department of Human Resources is the *408 proper collection agent when there has been an assignment of rights or application for Title IV-D services. § 38-10-3(b), Code of Alabama, 1975.” Blackston v. State ex rel. Blackston, 585 So.2d 58, 59 (Ala.Civ.App.1991). Section 38-10-8 does provide that “[sjupport collections ... shall be paid directly to the state department and distribution shall be made by said state department.”
We acknowledge DHR s statutory duty to collect all child support payments in ADC cases and to remit to the custodian of children the amounts over and above the sum necessary to repay DHR for the benefits it has provided the recipient. We also acknowledge, however, a trial court’s authority “to order the payments to be collected by proper parties in interest other than the state,” State ex rel. Bivins v. Bivins, 617 So.2d 286, 288 (Ala.Civ.App.1992), and the trial court’s duty to avoid a multiplicity of actions. Id. If we were to decide in this ease that DHR is entitled to all of the garnished funds, then the mother would be required to relitigate with DHR the question of what portion of the funds belong to her. That is precisely the only question that was presented in the action below. DHR should have taken that opportunity to establish how much aid it had provided to the mother and, thus, how much it was entitled to retain from the garnished funds. DHR missed that opportunity by presenting no evidence of the amount of ADC it paid to the mother, and we will not provide it with another opportunity to prove what it failed to prove below.
The judgment of the trial court condemning and disbursing to the mother all of the garnished funds is reversed. The cause is remanded with directions that the trial court shall disburse to the mother all but $5,185, plus interest, which sum shall be disbursed to DHR in satisfaction of its 1991 judgment against M.G.
REVERSED AND REMANDED WITH DIRECTIONS.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and MONROE, J., dissent.