MOORE, Judge.
The State Department of Human Resources (“DHR”) appeals from the Jefferson Circuit Court’s denial of DHR’s motion to intervene in a divorce action pending between Taudia Rochelle McCord (“the wife”) and Benjamin Leon Smith (“the husband”).
The record reveals the following. On November 29, 2010, the husband filed a complaint seeking a divorce from the wife. In his complaint, the husband asserted, among other things:
“3. That there were three children born during this marriage, namely [B.L.S.] born on December 30, 2002, [D.R.S.] born on November 8, 2004 and [J.W.S.] born on May 8, 2008. THE [WIFE] IS NOT PREGNANT.
“4. [The husband] states that it has been alleged he is not the father of any of the minor children born during the marriage.”
(Capitalization and bold typeface in original.) The husband requested, among other things, that the trial court “order[] a DNA Test on all the minor children born during the marriage.”
On December 6, 2010, the husband filed a motion requesting that the trial court order the wife and the children to take a DNA test, that a guardian ad litem be appointed to protect the interests of the children, and that the wife be ordered to “pay for any and all cost[s] and fees associated with this matter if the results are negative.”
On January 21, 2011, DHR filed in open court a motion requesting that it be allowed to intervene in the divorce action, pursuant to Rule 24, Ala. R. Civ. P. In support of that motion, DHR asserted, among other things:
“3. That [DHR] is the State agency designated to prosecute child support claims pursuant to Title IV-D of the Social Security Act.
“4. That DHR is a party in interest having acquired such rights and interest pursuant to assignment:
“(a) Statutes conferring a conditional right to intervene;
“(b) Claim of interest related to the property and transaction which is the subject of the action and is so situated that the disposition of the *896 action will impair or impede the State’s ability to protect that interest;
“(c) The statutory transfer of interest by [the wife] to [DHR].”
Along with the motion to intervene, DHR filed a petition in intervention requesting that the trial court, among other things, (1) order the husband to pay child support in accordance with the child-support guidelines (see Rule 32, Ala. R. Jud. Admin.), (2) order the husband to pay retroactive child support for any period in which the husband owed a legal duty of support and failed to pay said support, and (3) require the husband to provide health insurance for the children.
On February 1, 2011, the husband filed a response in opposition to DHR’s motion to intervene and its petition for support. In his response, the husband asserted, among other things, that “[a] Petition for Support was filed by the [wife] in the Jefferson County Family Court, and the Honorable Court entered an order on December 17, 2010 closing case # CS-2010-000812.00, therefore denying [the wife’s] Petition,” and that “[DHR] is not a party to any action involving the parties or their minor children, therefore, having no vested interest in the matter.” The husband attached to his response a copy of the order entered by the Jefferson Family Court in case no. CS-2010-000812. On March 3, 2011, the trial court entered an order denying DHR’s motion to intervene, directing the parties to schedule a time and place for blood tests to determine the parentage of the children, ordering the husband to pay the costs of the blood testing for himself and the children, ordering the wife to pay the costs of her blood testing, appointing a guardian ad litem for the children, and directing the parties to each deposit with the clerk of the court $450 as security for the guardian ad litem’s fee.
On March 9, 2011, the wife, through counsel, filed an answer to the husband’s complaint for divorce. On March 14, 2011, counsel for the wife filed a “motion to alter or amend or in the alternative motion to set aside order.” In that motion, the wife stated that she was unemployed and without the financial means to pay the $450 the trial court had ordered her to pay to the clerk of the court as security for the guardian ad litem’s fee; she requested that the trial court amend its March 3, 2011, order “by taxing the entire $900 Guardian ad Litem fee to the [husband], subject to retaxing the fee at the conclusion of this cause.” On that same date, the wife filed a counterclaim for a divorce in which, among other things, she asserted that three children had been born of the parties’ marriage and requested that she be awarded the care, custody, and control of the children and that the husband be ordered to pay child support. The trial court entered an order on March 15, 2011, denying the wife’s motion to alter, amend, or set aside the March 3, 2011, order.
On March 15, 2011, the husband filed an answer to the wife’s counterclaim. On March 22, 2011, DHR filed a motion to alter, amend, or vacate the March 3, 2011, order entered by the trial court to the extent it denied DHR’s motion to intervene. DHR asserted:
“1. That the [wife] applied for child support services under title IV-D of the Social Security Act, 1975 with the Jefferson County Department of Human Resources.
“2. That said services were opened to the [wife] and remain active today, including but not limited to monetary aid paid by the Department for the purposes of assisting her in supporting her minor children.
“3. That ‘the payment of aid creates a debt due and owing to the Department *897 by the parent or parents.... ’ (Ala.Code 1975, § 38-10-6.) Therefore DHR has an interest in this action — that of collecting a debt owed to the State of Alabama.
“4. When IV-D services and/or monetary aid are accepted by a custodial party, that party’s rights to any support owed up to the amount paid by the Department are assigned to DHR. Furthermore, active child support services also create a subrogation of rights to DHR ‘to collect and receive all child support payments and to initiate any support action existing now or in the future under the laws of Alabama.’ (Ala.Code 1975, § 38-10-4.) As the [wife] has assigned her rights to collect child support to the Department, DHR has standing to intervene in this matter.
“5. Where an assignment of rights has been made to DHR, child support payments ordered by a court must be paid to the Department and the Department must then distribute them under the terms of the Social Security Act. (Ala.Code 1975, § 38-10-8, -33.) Therefore DHR is a necessary party to this action, being the state agency mandated by statute to collect and distribute child support payments when the activation of IV-D services causes a custodial party’s rights to receive child support to be subrogated to DHR.
“6. DHR’s right to intervene in such cases was confirmed in State ex rel. Wilson v. Wilson, 475 So.2d 194 (Ala.Civ.App.1985), stating[:]
“ ‘We must adopt an approach to Rule 24(a)(2)[, Ala. R. Civ. P.,] which measures the right to intervene “by a practical rather than a technical yardstick.” [United States v.] Perry County Board of Education, 567 F.2d [277] at 279 [(5th Cir.1978) ] (quoting United States v. Allegheny-Ludlum Industries, Inc., 517 F.2d 826, 841 (5th Cir.1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976)). Under such an approach, the right of [the Department of Pensions and Security] to intervene in a case such as this is readily apparent. The Alabama legislature intended that the Act be construed broadly to effectuate its purpose of having parents, rather than the state, support their children. Ala.Code (1975), § 38-10-11. To this end, [the Department of Pensions and Security] may initiate an action to enforce and collect support or, where appropriate, intervene in an existing action for the collection of support.’
“Wilson [, 475 So.2d] at 197.
“7. The Court of Civil Appeals further addresses this issue in a more recent case.
“ ‘In addition to finding that DHR has a direct, substantial, and legally protectable interest in the divorce proceeding, we also find that said interest cannot be adequately represented by the existing parties. DHR’s interest in this divorce proceeding is to determine paternity and to enforce any court ordered support. This interest is separate and apart from the wife’s interest in obtaining a divorce, and the husband’s interest in denying paternity.
“ ‘Based upon the unique facts regarding DHR’s application for intervention, we hold that DHR has the right to intervene in this divorce action. To hold otherwise would require DHR to file a separate action in order to determine paternity and to collect the ADC [Aid to Dependent Children] child support payments already paid by DHR to the wife. Such an outcome not only requires a multiplicity of actions, but also creates a risk for *898 inconsistent verdicts regarding paternity and/or child support.’
“State ex rel. Tenner v. Tenner, 668 So.2d 838, 840 (Ala.Civ.App.1995).
“8. When Title TV-D services are active, DHR’s rights and responsibilities in obtaining orders for child support and continuing efforts to collect child support once such an order is in place are set forth via statute, and reinforced within caselaw.
“ ‘DHR is correct that, “pursuant to § 38-10-5, [Ala.Code 1975,] DHR [has] the right to collect and receive all support payments and to initiate any support action.” State ex rel. Tenner v. Tenner, 668 So.2d 838, 839 (Ala.Civ.App.1995). “[T]he Department of Human Resources is the proper collection agent when there has been an assignment of rights or application for Title IV-D services. § 38-10-3(b), Code of Alabama 1975.” Blackston v. State ex rel. Blackston, 585 So.2d 58, 59 (Ala.Civ.App.1991). Section 38-10-8[, Ala.Code 1975,] does provide that “[s]upport collections ... shall be paid directly to the state department and distribution shall be made by said state department.” We acknowledge DHR’s statutory duty to collect all child support payments in ADC [Aid to Dependent Children] cases and to remit to the custodian of children the amounts over and above the sum necessary to repay DHR for the benefits it has provided the recipient.’
“State Dep’t of Human Resources v. M.A.J., 703 So.2d 405, 407-408 (Ala.Civ.App.1997).”
DHR requested oral argument on its motion. The trial court entered an order denying DHR’s motion to alter, amend, or vacate on May 11, 2011. DHR filed its notice of appeal to this court on June 10, 2011.

Discussion

On appeal, DHR argues that the trial court exceeded its discretion by denying its motion to alter, amend, or vacate the denial of its motion to intervene without conducting a hearing. DHR also argues that the trial court exceeded its discretion by denying its motion to intervene. “ ‘[A] denial of a motion to intervene is always an appealable order.’ ” Jim Parker Bldg. Co. v. G & S Glass & Supply Co., 69 So.3d 124, 130 (Ala.2011) (quoting Farmers Ins. Exch. v. Raine, 905 So.2d 832, 833 (Ala.Civ.App.2004)). See also Kids’ Klub II, Inc. v. State Dep’t of Human Res., 763 So.2d 259, 260 (Ala.Civ.App.2000); and Alabama Fed. Sav. & Loan Ass’n v. Howard, 534 So.2d 609 (Ala.1988).
“Rule 59(g), Ala. R. Civ. P., provides:
“ ‘Presentation of any post-trial motion to a judge is not required in order to perfect its making, nor is it required that an order continuing any such motions to a date certain be entered. All such motions remain pending until ruled upon by the court (subject to the provisions of Rule 59.1), but shall not be ruled upon until the parties have had opportunity to be heard thereon.’
“(Emphasis added.) Describing the effect of the emphasized part of that rule, our supreme court has held that when a party requests a hearing on its post-judgment motion, ‘the court must grant the request.’ Flagstar Enters., Inc. v. Foster, 779 So.2d 1220, 1221 (Ala.2000). However, although a trial court errs when it fails to hold a requested hearing on a Rule 59 postjudgment motion, the supreme court has explained that such error does not always require reversal:
*899 ‘“Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.’
“Greene v. Thompson, 554 So.2d 376, 381 (Ala.1989).”
Isbell v. Rogers Auto Sales, 72 So.3d 1258, 1260-61 (Ala.Civ.App.2011).
Because the trial court erred in failing to hold a hearing on DHR’s postjudgment motion, we must determine whether the trial court’s error was harmless. DHR cites State ex rel. Tenner v. Tenner, 668 So.2d 838 (Ala.Civ.App.1995), in support of its position that its postjudgment motion had probable merit. In Tenner, this court reasoned:
“Rule 24(a)(2)[, Ala. R. Civ. P.,] provides that anyone may intervene as a matter of right
“ ‘when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.’
“Therefore, ‘[t]o intervene in a proceeding under Rule 24(a)(2), [DHR] must have a direct, substantial, and legally protectable interest in the proceeding.’ State ex rel. Wilson v. Wilson, 475 So.2d 194, 196 (Ala.Civ.App.1985). Because there is no ‘clear cut test’ for determining whether such an interest exists, ‘courts should use a flexible approach which focuses on the circumstances of each application for intervention.’ Wilson, 475 So.2d at 196.
“Section 38-10-3(a)[, Ala.Code 1975,] authorizes DHR to locate absent parents, to establish paternity, to establish or modify support orders, and to enforce support obligations. Section 38-10-5, Ala.Code 1975, provides[:]
“ ‘as a condition of eligibility for aid, each recipient of aid to families with dependent children shall have assigned to the department by operation of law any rights to support from any other person which such recipient may have in his own behalf or in behalf of any other family member for whom the recipient is receiving aid.... Such assignment shall make the department assignee of and to the right of such child or recipient or the person having custody to collect and receive all support payments and to initiate any support action existing now or in the future under the laws of Alabama. ...’
“Under § 38-10-7, [Ala.Code 1975,] DHR has the right to bring a separate action in order to establish paternity or to enforce any child support ordered to be paid by the husband.
“We find that DHR has a direct and substantial interest in this divorce proceeding because DHR has paid the wife approximately $1,064 in ADC [Aid to Dependent Children]. We also find that DHR has a legally protectable interest because, pursuant to § 38-10-5, DHR was assigned the right to collect and receive all support payments and to initiate any support action.
“In addition to finding that DHR has a direct, substantial, and legally protect-able interest in the divorce proceeding, we also find that said interest cannot be adequately represented by the existing parties. DHR’s interest in this divorce *900 proceeding is to determine paternity and to enforce any court ordered support. This interest is separate and apart from the wife’s interest in obtaining a divorce, and the husband’s interest in denying paternity.
“Based upon the unique facts regarding DHR’s application for intervention, we hold that DHR has the right to intervene in this divorce action. To hold otherwise would require DHR to file a separate action in order to determine paternity and to collect the ADC child support payments already paid by DHR to the wife. Such an outcome not only requires a multiplicity of actions, but also creates a risk for inconsistent verdicts regarding paternity and/or child support.”
668 So.2d at 839-40 (footnote omitted).
DHR’s allegations in the present case are analogous to those asserted in Tenner. In this case, DHR alleged that the wife had received monetary aid from DHR and that she had assigned her rights to collect child support to DHR, pursuant to Ala. Code 1975, § 38-10-5. If those allegations are proved, the trial court could find that DHR had a legally protectable interest in the proceeding. Further, the trial court could find, based on Tenner, supra, that DHR’s interest cannot be adequately represented by the existing parties. Thus, we conclude that DHR’s postjudgment motion had probable merit and that the trial court therefore exceeded its discretion in declining to hold a hearing on that motion.

Conclusion

Based on the foregoing, we reverse the trial court’s judgment and remand this cause for the trial court to hold a hearing on DHR’s postjudgment motion. Isbell, supra.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ, concur.